IN THE UNITED STATES DISTRICT COURT
FOR DISTRICT OF DELAWARE

| | |
|---|---|
| Nationwide Mutual Fire Insurance Co., as subrogee of Robert and Lynn Sharkey, One Nationwide Drive Columbus, OH 43215-2220, <br><br> Plaintiff, <br><br> v. <br><br> Sears, Roebuck and Co. 3333 Beverly Road Hoffman Estates, IL 60179, <br><br> Defendant. | CIVIL ACTION NO. <br><br><br><br><br><br><br><br><br><br> JURY TRIAL DEMANDED |

**COMPLAINT**

1. Plaintiff, Nationwide Mutual Fire Insurance Company (hereinafter referred to as "Nationwide"), as subrogee of Robert and Lynn Sharkey, is an Ohio corporation with its principal place of business located at One Nationwide Drive, Columbus, OH 43215-2220 which at all times material hereto regularly and systematically conducted its insurance business in and about this judicial district.

2. Upon information and belief, defendant Sears, Roebuck and Co. (hereinafter referred to as "Sears"), is an Illinois corporation with its principal place of business located at 3333 Beverly

Road, Hoffman Estates, Illinois 60179, which at all times material hereto regularly and systematically conducted its business of designing, engineering, specifying, assembling, manufacturing, testing, distributing, selling, installing, servicing and repairing lawn mowers in and about this judicial district.

3. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §1332 based on diversity of citizenship between the parties and the fact that the amount in controversy exceeds the sum or value of $75,000.

4. Venue is properly laid in this judicial district pursuant to 28 U.S.C. §1391.

5. At all times material hereto, defendant acted by and through its respective employees, agents, servants and workmen, each of whom was acting within the scope of his or her authority, subject to the control and direction, and for the benefit of his or her respective principal and employer, the defendant herein.

6. At all times material hereto, plaintiff's subrogors Robert and Lynn Sharkey owned the real property and improvements thereon, and the personal

property therein located at 3 Jarrell Farm Drive, Newark, DE 19711 (hereinafter referred to as the "premises").

7. At all times material hereto, Sears designed, specified, engineered, manufactured, assembled, inspected, tested, distributed, sold, serviced and/or repaired lawn mowers.

8. In or about 2004, the Sharkeys obtained a pre-owned Sears lawn mower (hereinafter referred to as "the mower") and used it for its intended purpose without alteration.

9. In or about July 2006, at the Sharkeys' request, Sears sent a serviceman to the Sharkey residence to troubleshoot, diagnose and repair the mower.

10. On September 9, 2006, plaintiff's subrogors suffered destruction and damage of and to the real and personal property located at 3 Jarrell Farm Drive, Newark, DE 19711, and the loss of use thereof, as a result of a fire that was caused by a malfunction and/or failure of the mower, and by the improper servicing thereof by Sears.

11. At all times material hereto, the Sharkeys were insured by plaintiff Nationwide. After the

fire, the Sharkeys made a claim under the Nationwide policy.

12. Nationwide has paid and may continue to pay sums of money to its insureds the Sharkeys for losses they sustained as a result of the aforementioned fire.

13. By virtue of Nationwide's aforesaid payments to the Sharkeys, Nationwide is subrogated to the rights of the Sharkeys pursuant to the insurance policy and the laws of the State of Delaware, and may proceed against defendant herein to pursue a recovery of its losses.

### COUNT ONE
### PLAINTIFF V. SEARS
### NEGLIGENCT DESIGN, MANUFACUTRE

14. Plaintiff hereby incorporates by reference each and every allegation set forth above as though fully set forth at length herein.

15. The aforesaid fire was the direct and proximate result of the negligence, carelessness and recklessness of defendant Sears, including but not limited to:

    a) designing, specifying, engineering, manufacturing, assembling, inspecting, testing,

distributing, and selling the mower in such a way as to cause and/or fail to prevent the aforesaid fire;

   b) designing, specifying, engineering, manufacturing, assembling, inspecting, testing, distributing and selling the mower in such a way as to cause and/or fail to prevent the aforesaid malfunction and/or failure of the mower;

   c) failing to include and/or incorporate into the mower such features or devices capable of detecting and interrupting a failure in the mower and/or preventing a failure from leading to a fire;

   d) failing to ensure that the mower incorporated appropriate devices capable of preventing failures and/or malfunctions from occurring, starting or leading to fires;

   e) failing properly to assemble, connect or build the mower so as to ensure proper functioning;

   f) failing to ensure that the mower complied with all applicable federal, state and local codes, regulations and statutes and with the standard of care in the industry;

   g) failing to warn, and/or continuing to fail to warn plaintiff's subrogors of the hazards, dangers and risks arising from use of the mower;

h) allowing the aforesaid dangerous and defective condition of the mower to continue and remain up to and including the date of the aforesaid fire;

i) failing to discover defects in the mower before placing them into the stream of commerce;

j) placing the mower into the marketplace, thereby representing that it could be used safely for the purposes for which it was intended and for which it was specifically sold;

k) placing the mower into the marketplace, when it knew or should have known that the design and/or manufacture of the mower was defective and dangerous because of the risk of fire;

l) inducing or attempting to induce reliance on the part of the public, including plaintiff's subrogors, on the safety and reliability of the mower; and

m) otherwise failing to exercise due and reasonable care under the circumstances in ways that may be disclosed during the course of discovery proceedings.

16. The aforesaid acts and omissions of Sears proximately caused and/or increased the risk of the fire that occurred on August 18, 2003, for which defendant Sears is liable to plaintiff.

WHEREFORE, plaintiff, Nationwide Mutual Fire Insurance Company, as subrogee of Robert and Lynn Sharkey, demands judgment in its favor and against defendant Sears in an amount in excess of $100,000.00, together with pre- and post-judgment interest, costs, attorneys' fees and such other relief as this Court may deem just and proper.

### COUNT TWO
### PLAINTIFF V. SEARS
### STRICT LIABILITY

17. Plaintiff incorporates herein by reference each and every allegation set forth above as fully if the same were recited herein at length.

18. Defendant Sears expected the mower to reach the ultimate user without substantial change in the condition it was in when it was sold.

19. At the time of the aforesaid fire, the mower was in substantially the same condition as it was at the time Sears placed it into the stream of commerce.

20. Defendant Sears is strictly liable in tort for all damages caused by the defective design, specification, manufacture, assembly, inspection, testing, warning, distribution and/or sale of the mower.

21. The defective and dangerous condition of the mower was the proximate and direct cause of plaintiff's damages as aforesaid.

WHEREFORE, plaintiff, Nationwide Mutual Fire Insurance Company, as subrogee of Robert and Lynn Sharkey, demands judgment in its favor and against defendant Sears in an amount in excess of $100,000.00, together with pre- and post-judgment interest, costs, attorneys' fees and such other relief as this Court may deem just and proper.

### COUNT THREE
### PLAINTIFF V. SEARS
### BREACH OF WARRANTY

22. Plaintiff incorporates herein by reference each and every allegation set forth above as fully as if the same were recited herein at length.

23. The mower was designed, specified, manufactured, assembled, inspected, tested, distributed and sold by the defendant Sears in breach of express warranties, and in breach of the implied warranties of merchantability and fitness for purpose, as the said mower was not:

   a) merchantable or fit for the ordinary purposes for which it was intended;

b) adequately labeled with appropriate warnings; and;

c) in conformity with the promises or statements made in the operational manual, instructional manual, labeling, advertising or elsewhere.

24. Defendant's aforesaid breach of express and implied warranties, of which it was given timely notice, proximately caused plaintiff's aforesaid damages.

WHEREFORE, plaintiff, Nationwide Mutual Fire Insurance Company, as subrogee of Robert and Lynn Sharkey, demands judgment in its favor and against defendant Sears in an amount in excess of $100,000.00, together with pre- and post-judgment interest, costs, attorneys' fees and such other relief as this Court may deem just and proper.

### COUNT FOUR
### PLAINTIFF V. SEARS
### NEGLIGENT SERVICES REPAIR

25. Plaintiff hereby incorporates by reference each and every allegation set forth above as though fully set forth at length herein.

25. The aforesaid fire was the direct and proximate result of the negligence, carelessness and recklessness of defendant Sears, including but not limited to:

a) troubleshooting, servicing and/or repairing the mower in such a way as to cause and/or fail to prevent the aforesaid fire;

b) troubleshooting, servicing and/or repairing the mower in such a way as to cause and/or fail to prevent the aforesaid malfunction, failure and/or gas leak of the mower;

c) failing to ascertain whether the mower was in good working order before leaving the premises;

d) failing properly to test connections, so as to create and insure proper functioning and to prevent failures and/or malfunctions from developing and leading to a fire;

e) failing to warn, and/or continuing to fail to warn plaintiff's subrogor of the hazards, dangers and risks of the mower;

g) allowing the aforesaid dangerous and defective repair of the mower to continue and remain up to and including the date of the aforesaid fire;

h) failing to discover defects in the mower and before re-placing it into service at the premises;

i) failing to hire, train and supervise competent servicemen to troubleshoot and/or fix the mower;

j) otherwise failing to exercise due and reasonable care under the circumstances in ways that may be disclosed during the course of discovery proceedings.

27. The aforesaid acts and omissions of Sears proximately caused and/or increased the risk of the fire that occurred on September 9, 2006, for which defendant is liable to plaintiff.

WHEREFORE, plaintiff, Nationwide Mutual Fire Insurance Company, as subrogee of Robert and Lynn Sharkey, demands judgment in its favor and against defendant Sears in an amount in excess of $100,000.00, together with pre- and post-judgment interest, costs, attorneys' fees and such other relief as this Court may deem just and proper.

### COUNT FIVE
### PLAINTIFF V. SEARS
### BREACH OF WARRANTY

28. Plaintiff incorporates herein by reference each and every allegation set forth above as fully as if the same were recited herein at length.

29. The mower was troubleshot, serviced and/or repaired by Sears in breach of express and implied warranties, including but not limited to the implied warranty that the aforesaid services would be performed in a good and workmanlike manner.

30. Sears's aforesaid breach of express and implied warranties, of which it was given timely notice, proximately caused plaintiff's aforesaid damages.

WHEREFORE, plaintiff, Nationwide Mutual Fire Insurance Company, as subrogee of Robert and Lynn Sharkey, demands judgment in its favor and against defendant Sears in an amount in excess of $100,000.00, together with pre- and post-judgment interest, costs, attorneys' fees and such other relief as this Court may deem just and proper.

THE LAW OFFICES OF JOANNE
SHALLCROSS, INC.

BY: _____
JOANNE A. SHALLCROSS, ESQ.
702 King Street
Suite 600
Wilmington, DE   19801
(302) 472-4900

OF COUNSEL:
LAW OFFICES OF STEVEN L. SMITH, P.C.
Steven L. Smith, Esquire
404 Harvard Avenue
Swarthmore, Pa   19081
(610) 543-2700

07-153

js 44
(REV. 07/89)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papaers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpsoe of initiating the civil docket sheet. (SEE INSTRUCTIONS OF THE REVERSE OF THE FORM.)

| I (a) PLAINTIFF<br><br>Nationwide Mutual Fire Insurance Co., as subrogee of Robert and Lynn Sharkey,<br>One Nationwide Drive<br>Columbus, OH 43215-2220<br><br>b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF_____<br>(EXCEPT IN U.S. PLAINTIFF CASES) | DEFENDANTS<br>Sears, Roebuck and Co.<br>3333 Beverly Road<br>Hoffman Estates, IL 60179<br><br>COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT _____<br>(IN U.S. PLAINTIFF CASES ONLY)<br>NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED |
|---|---|
| (c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)<br>Joanne A. Shallcross, Esquire, Joanne A. Shallcross, Inc.<br>702 King Street, Suite 600, Wilmington, DE 19801<br>302-472-4900 | ATTORNEYS (IF KNOWN) |

**II. BASIS OF JURISDICTION** (PLACE AN X IN ONE BOX ONLY)

☐ 1 U.S. Government
☐ 2 U.S. Government Defendant
☒ 3 Federal Question
☒ 4 Diversity (Indicated Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (PLACE AN X IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT)
(For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐1 | ☐1 | Incorporated or Principal Place Of Business in This State | ☐4 | ☐4 |
| Citizen of Another State | ☒2 | ☐2 | Incorporated and Principal Place Of business in Another State | ☐5 | ☒5 |
| Citizen or Subject of a Foreign Country | ☐3 | ☐3 | Foreign Nation | ☐6 | ☐6 |

**IV. CAUSE OF ACTION** (CITE THE U S CIVIL STATUE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTION STATUES UNLESS DIVERSITY)

28 U.S.C. §1391
Cause of Action is products liability matter related to a lawn mower put in the stream of commerce by Defendant Sears.

**V. NATURE OF SUIT** (PLACE AN x IN ONE BOX ONLY)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUES |
|---|---|---|---|---|---|
| ☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment & Enforcement of Judgment<br>☐ 151 Medicare Act<br>☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans)<br>☐ 160 Stockholders Suits<br>☐ 190 Other Contract<br>☐ 195 Contract Product Liability | PERSONAL INJURY<br>☐ 310 Airplane<br>☐ 315 Airplane Product Liability<br>☐ 320 Assault, Libel & Slander<br>☐ 330 Federal Employers' Liability<br>☐ 340 Marine<br>☐ 345 Marine Product Liability<br>☐ 350 Motor Vehicle<br>☐ 355 Motor Vehicle Product Liability | PERSONAL INJURY<br>☐ 362 Personal Injury-- Med Malpractice<br>☒ 365 Personal Injury -- Product Liability<br>☐ 368 Asbestos Personal Injury Product Liability<br>PERSONAL PROPERTY<br>☐ 370 Other Fraud<br>☐ 371 Truth in Lending<br>☐ 380 Other Personal Property Damage<br>☐ 385 Property Damage Property Liability | ☐ 610 Agriculture<br>☐ 620 Other Food & Drug<br>☐ 625 Drug Related Seizure of Property 21 USC 881<br>☐ 630 Liquor Laws<br>☐ 640 R.R. & Truck<br>☐ 650 Airline Regs<br>☐ 660 Occupational Safety/Health<br>☐ 690 Other<br>**LABOR**<br>☐ 710 Fair Labor Standards Act<br>☐ 720 Labor/Mgmt. Relations<br>☐ 730 Labor/Mgmt. Reporting & Disclosure Act<br>☐ 740 Railway Labor Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Empl. Ret. Inc. Security Act | ☐ 422 Appeal 28 USC 158<br>☐ 423 Withdrawal 28 USC 157<br>**PROPERTY RIGHTS**<br>☐ 820 Copyrights<br>☐ 830 Patent<br>☐ 840 Trademark<br>**SOCIAL SECURITY**<br>☐ 861 HIA (1395ff)<br>☐ 862 Black Lung (923)<br>☐ 863 DIWC/DIWW (405(g))<br>☐ 864 SSID Title XVI<br>☐ 865 RSI (405(g))<br>**FEDERAL TAX SUITS**<br>☐ 870 Taxes (U.S. Plaintiff or Defendant)<br>☐ 871 IRS -- Third Party 26 USC 7609 | ☐ 422 State Reapportionment<br>☐ 410 Antitrust<br>☐ 430 Banks and Banking<br>☐ 450 Commerce/ICC Rates/etc.<br>☐ 460 Deportation<br>☐ 470 Racketeer Influenced and Corrupt Organizations<br>☐ 810 Selective Service<br>☐ 850 Securities/Commodities/ Exchange<br>☐ 875 Customer Challenge 12 USC 3410<br>☐ 891 Agricultural Acts<br>☐ 892 Economic Stabilization Act<br>☐ 893 Environmental Matters<br>☐ 894 Energy Allocation Act<br>☐ 895 Freedom of Information Act<br>☐ 900 Appeal of Fee Determination Under Equal Access to Justice<br>☐ 950 Constitutionality of State Statues<br>☐ Other Statutory Actions |
| **REAL PROPERTY**<br>☐ 210 Land Condemnation<br>☐ 220 Foreclosure<br>☐ 230 Rent Lease & Equipment<br>☐ 240 Torts to Land<br>☒ 245 Tort Product Liability<br>☐ 290 All Other Real Property | **CIVIL RIGHTS**<br>☐ 441 Voting<br>442 Employment<br>☐ 443 Housing/ Accommodations<br>☐ 444 Welfare<br>☐ 440 Other Civil Rights | **PRISONER PETITIONS**<br>☐ 510 Motions to Vacate Sentence<br>Habeas Corpus:<br>☐ 530 General<br>☐ 535 Death Penalty<br>☐ 540 Mandamus & Other<br>☐ 550 Civil Right | | | |

**VI. ORIGIN** (PLACE AN x IN ONE BOX ONLY)

☒ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify)
☐ 6 Multidistrict Litigation
☐ 7 Appeal to District Judge from Magistrate Judgment

**VII. REQUESTED IN COMPLAINT:** ☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P 23    DEMAND $    Check YES only if demanded in complaint:    JURY DEMAND: ☒ YES  ☐ NO

**VIII. RELATED CASE(S) IF ANY** (See instructions)    JUDGE _____    DOCKET NUMBER _____

DATE
March 15, 2007

SIGNATURE OF ATTORNEY OF RECORD

UNITED STATES DISTRICT COURT

AO FORM 85 RECEIPT (REV. 9/04)

United States District Court for the District of Delaware

Civil Action No. **0 7 - 1 5 3**



# ACKNOWLEDGMENT
# OF RECEIPT FOR AO FORM 85

## *NOTICE OF AVAILABILITY OF A*
## *UNITED STATES MAGISTRATE JUDGE*
## *TO EXERCISE JURISDICTION*

I HEREBY ACKNOWLEDGE RECEIPT OF ____2____ COPIES OF AO FORM 85.

MAR 1 5 2007                    *Jane Bartol (Parcels)*
(Date forms issued)              (Signature of Party or their Representative)

                                *Joe Bartok (Parcels)*
                                (Printed name of Party or their Representative)

Note: Completed receipt will be filed in the Civil Action