IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| NATIONWIDE MUTUAL FIRE INSURANCE CO., as subrogee of ROBERT SHARKEY and LYNN SHARKEY, | : : : : : | |
| Plaintiff, | : : | C. A. No. 1:07-CV-00153 JJF |
| v. | : : | |
| SEARS, ROEBUCK AND CO., a Massachusetts corporation, | : : : | JURY TRIAL DEMANDED |
| Defendant. | : | |

## ANSWER AND AFFIRMATIVE TO PLAINTIFF'S COMPLAINT ON BEHALF OF DEFENDANT, SEARS, ROEBUCK AND CO.

AND NOW COMES the Defendant, Sears, Roebuck and Co. ("Sears"), by and through its undersigned counsel and answers the Complaint as follows:

1. At this time and after reasonable investigation, this Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the averments of Paragraph 1 of Plaintiff's Complaint. Accordingly, these averments are denied and strict proof thereof is demanded at time of trial.

2. Paragraph 2 of Plaintiff's Complaint is denied, as stated, in that Sears is a corporation organized and existing under the laws of the State of New York with its principal place of business in Illinois and is licensed to do business in the State of Delaware and denies the remaining allegations in that paragraph.

3. The allegations set forth in Paragraph 3 of Plaintiff's Complaint are admitted regarding jurisdiction generally, but denied regarding the balance of the allegations contained in that paragraph.

4. The allegations set forth in Paragraph 4 of Plaintiff's Complaint are admitted.

5. The allegations set forth in Paragraph 5 of Plaintiff's Complaint are denied, as this Defendant is without knowledge or information as to who is meant by "employees, agents, servants and workmen". Strict proof thereof is demanded at the time of trial.

6. At this time and after reasonable investigation, this Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the averments of Paragraph 6 of Plaintiff's Complaint. Accordingly, these averments are denied and strict proof thereof is demanded at time of trial.

7. The allegations set forth in Paragraph 7 of Plaintiff's Complaint are admitted regarding the assembly, selling, servicing, and repairing of lawn mowers, but denied as to the balance of the allegations contained in that paragraph.

8. At this time and after reasonable investigation, this Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the averments of Paragraph 8 of Plaintiff's Complaint. Accordingly, these averments are denied and strict proof thereof is demanded at time of trial.

9. The allegations set forth in Paragraph 9 of Plaintiff's Complaint are denied, as stated. Plaintiffs called Sears on or about July 28, 2006 to request a service call for their mower. A Sears' service technician was at the Sharkey's home on or about August 2, 2006.

10-13. At this time and after reasonable investigation, this Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the averments of Paragraphs 10 through 13 of Plaintiff's Complaint. Accordingly, these averments are denied and strict proof thereof is demanded at time of trial.

## COUNT ONE
## NEGLIGENT DESIGN, MANUFACTURE

14. This Defendant incorporates by reference its answers to Paragraphs 1 through 13 of Plaintiff's Complaint as though here set forth at length.

15-16. The allegations set forth in Paragraphs 15, including subparagraphs (a) through (m) and 16 of Plaintiff's Complaint are denied. By way of further response, the date identified in Paragraph 16 of Plaintiff's Complaint is inconsistent with what is stated in Paragraph 10.

WHEREFORE, Defendant, Sears, Roebuck and Co., requests that judgment be entered in its favor with all costs to be borne by Plaintiff.

## COUNT TWO
## STRICT LIABILITY

17. This Defendant incorporates by reference its answers to Paragraphs 1 through 16 of Plaintiff's Complaint as though set forth at length herein.

18-21. The allegations set forth in Paragraphs 18 through 21 of Plaintiff's Complaint are denied.

WHEREFORE, Defendant, Sears, Roebuck and Co., requests that judgment be entered in its favor with all costs to be borne by Plaintiff.

## COUNT THREE
## BREACH OF WARANTY

22. This Defendant incorporates by reference its answers to Paragraphs 1 through 21 of Plaintiff's Complaint as though set forth at length herein.

23-24. The allegations set forth in Paragraphs 23, including subparagraphs (a) through (c), and 24 of Plaintiff's Complaint are denied.

WHEREFORE, Defendant, Sears, Roebuck and Co., requests that judgment be entered in its favor with all costs to be borne by Plaintiff.

## COUNT FOUR
### NEGLIGENT SERVICES REPAIR

25.    This Defendant incorporates by reference its answers to Paragraphs 1 through 24 of Plaintiff's Complaint as though set forth at length herein.

26-27.    The allegations set forth in Paragraphs 26 (improperly labeled in Plaintiff's Complaint as Paragraph 25), including subparagraphs (a) through (j), and 27 of Plaintiff's Complaint are denied.

WHEREFORE, Defendant, Sears, Roebuck and Co., requests that judgment be entered in its favor with all costs to be borne by Plaintiff.

## COUNT FIVE
### BREACH OF WARRANTY

28.    This Defendant incorporates by reference its answers to Paragraphs 1 through 27 of Plaintiff's Complaint as though set forth at length herein.

29-30.    The allegations set forth in Paragraphs 29 and 30 of Plaintiff's Complaint are denied.

WHEREFORE, Defendant, Sears, Roebuck and Co., requests that judgment be entered in its favor with all costs to be borne by Plaintiff.

### AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

31.    The Complaint fails to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

32.    Insofar as the evidence adduced through discovery or at trial reveal that Plaintiff failed to timely commence the instant action then, in that event, Defendant asserts any and all statutes of limitations as a complete or partial bar to Plaintiff's claims in the circumstances.

**THIRD AFFIRMATIVE DEFENSE**

33. As claims for strict liability for allegedly defective goods in sales cases are precluded under Delaware law by the Uniform Commercial Code, Count Two of Plaintiff's Complaint fails to state a claim upon which relief can be granted and must be dismissed.

**FOURTH AFFIRMATIVE DEFENSE**

34. As to Count Three of Plaintiff's Complaint for breach of express and implied warranties relating to the design and manufacture of the lawn mower, these claims are barred by the applicable four-year statute of limitations found in Section 2-725 of Delaware's enactment of the Uniform Commercial Code.

**FIFTH AFFIRMATIVE DEFENSE**

35. Plaintiff's claims are barred or reduced by the contributory negligence and/or comparative fault of Plaintiff.

**SIXTH AFFIRMATIVE DEFENSE**

36. The incident and/or property damage of which Plaintiff complains were caused or contributed to by the negligent act, omission and/or other culpable conduct of a party, person and/or entity over which Defendant had no right or duty of control and cannot therefore be held liable.

**SEVENTH AFFIRMATIVE DEFENSE**

37. The incident and/or property damage of which Plaintiff complains were caused or contributed to by the intervening, superseding act, omission and/or other culpable conduct of a party, person and/or entity over which Defendant had no right of or duty to control and for which Defendant cannot be held liable.

### EIGHTH AFFIRMATIVE DEFENSE

38. The incident and/or property damage of which Plaintiff complains were caused or contributed to by the abuse, misuse and/or improper use of the subject lawn tractor and, thus, Plaintiff's claims herein are barred or reduced by the same.

### NINTH AFFIRMATIVE DEFENSE

39. The incident and/or property damage of which Plaintiff complains were caused or contributed to by the alteration, modification and/or other change in the condition of the subject lawn tractor and, thus, Plaintiff's claims herein are barred or reduced by the same.

### TENTH AFFIRMATIVE DEFENSE

40. Plaintiff's claims may be barred, reduced and/or otherwise limited by the doctrine of spoliation.

### ELEVENTH AFFIRMATIVE DEFENSE

41. The incident and/or property damage of which Plaintiff complains were caused or contributed to by a pre-existing condition which Defendant did not cause or contribute to and for which Defendant cannot be held liable.

### TWELFTH AFFIRMATIVE DEFENSE

42. To the extent justified by the facts developed in discovery or at the time of trial, the limitation of the warranty provided with the subject lawn tractor is raised as a complete or partial bar to any and all alleged liability.

### THIRTEENTH AFFIRMATIVE DEFENSE

43. Recovery for the property damage of which Plaintiff complains is barred or reduced by Plaintiff's failure to mitigate the same as required by law.

**FOURTEENTH AFFIRMATIVE DEFENSE**

44. Plaintiff's claims may be barred or otherwise limited by the doctrine of preemption.

**FIFTEENTH AFFIRMATIVE DEFENSE**

45. If Plaintiff has received, is receiving, is entitled to receive, or subsequently receives or becomes entitled to receive any recovery, compensation or benefits from any source in connection with the property damage alleged in the Complaint, the amount of damages, if any, which may be recoverable herein should be diminished by the amount of such recovery, compensation or benefits.

          Respectfully submitted,

          COHEN, SEGLIAS, PALLAS, GREENHALL & FURMAN, P.C.

          _____
          Robert K. Beste, Jr., Esquire (Bar I.D. 154)
          Nemours Building, Suite 1130
          1007 North Orange Street
          Wilmington, DE 19801
          (302) 425-5089

Of Counsel:

Frederick W. Bode III, Esquire
P.A. Bar I.D. No. 33391 (Admitted *pro hac vice*)
DICKIE, McCAMEY & CHILCOTE, P.C.
Two PPG Place, Suite 400
Pittsburgh, PA 15222
(412) 281-7272


DATED:   July 11, 2007


03739-001/9

## CERTIFICATE OF SERVICE

I, Robert K. Beste, Jr., Esquire, hereby certify that on this 11th day of July, 2007, a true and correct copy of the foregoing Answer And Affirmative Defenses To Plaintiff's Complaint On Behalf Of Defendant, Sears, Roebuck And Co., has been filed electronically and is available for viewing and downloading from the ECF system and was served via electronic notification upon the following:

Joanne A. Shallcross, Esquire
The Law Offices of Joanne Shallcross, Inc.
702 King Street, Suite 600
Wilmington, DE  19801

Steven L. Smith, Esquire
Law Offices of Steven L. Smith, P.C.
404 Harvard Avenue
Swarthmore, PA  19081


/s/   ROBERT K. BESTE, JR.
Robert K. Beste, Jr., Esquire