IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| NATIONWIDE MUTUAL FIRE INSURANCE CO., as subrogee of ROBERT SHARKEY and LYNN SHARKEY,<br><br>        Plaintiff,<br><br>v.<br><br>SEARS, ROEBUCK AND CO., a Massachusetts corporation,<br><br>        Defendant. | :<br>:<br>:<br>:<br>:<br>:<br>:    C. A. No. 1:07-CV-00153 JJF<br>:<br>:<br>:<br>:<br>:<br>:<br>: |

**DEFENDANT'S MOTION TO DISMISS/
MOTION FOR PARTIAL SUMMARY JUDGEMENT
AS TO COUNTS TWO AND THREE OF PLAINTIFF'S COMPLAINT**

COMES NOW the Defendant, Sears, Roebuck and Company ("Sears"), by and through its undersigned counsel, and files this Motion to Dismiss/Motion for Partial Summary Judgment as to Counts Two and Three of Plaintiff's Complaint as follows:

1. Plaintiff, Nationwide Mutual Fire Insurance Co, as subrogee of Robert and Lynn Sharkey ("Plaintiff"), initiated this action by Complaint filed on March 15, 2007.

2. Plaintiff's Complaint contains five Counts against Sears stemming from a September 9, 2006 fire at the residence of the Plaintiff's insureds, Robert and Lynn Sharkey ("the Sharkeys").

3. Plaintiff alleges that a pre-owned lawn mower, which the Sharkeys obtained sometime in 2004 from a third-party other than Sears, caused the fire. (*See* Paragraphs 8 and 10 of Plaintiff's Complaint).

4.  The Plaintiff alleges that the pre-owned lawn mower was originally purchased from Sears and was serviced by a Sears' serviceman in July of 2006. (*See* Paragraphs 8 and 9 of Plaintiff's Complaint).

5.  Plaintiff's claims against Sears include: Count One – Negligent Design, Manufacture; Count Two – Strict Liability; Count Three – Breach of Warranty [relating to the design and manufacture]; Count Four – Negligent Services Repair; Count Six – Breach of Warranty [relating to the service and repair].

6.  Sears now moves to dismiss Counts Two and Three of Plaintiff's Complaint, pursuant to Fed.R.Civ.P. 12(b)(6) for failure to state a claim upon which relief may be granted.

7.  Alternatively, and to the extent matters beyond the pleadings have been submitted and are considered on this Motion, Defendant moves for partial summary judgment pursuant to Fed.R.Civ.P. 56 as to Count III of Plaintiff's Complaint. *See Tawes v. Frankford Volunteer Fire Company*, 2005 U.S. Dist. LEXIS 786, *4-5 (D.Del. 2005) ("The element that triggers the conversion of a 12(b)(6) motion into a motion for summary judgment is a challenge to the sufficiency of the pleader's claim supported by extra-pleading material.") (citations omitted).

8.  As to Count Two of Plaintiff's Complaint for strict liability, taking all allegations in Plaintiff's Complaint as true, Plaintiff can prove no set of facts to support the claim for strict liability.

9.  Under Delaware law, which is the substantive law applicable to Plaintiff's claims, a claim for strict liability in tort arising out of the sale of a product is not recognized or actionable due to Delaware's adoption of the Uniform Commercial Code which preempts strict tort liability. *Cline v. Prowler Industries of Maryland, Inc.*, 418 A.2d 968, 972 (Del. 1980). *See also, Hansen v. Umtech Industrieservice Und Spedition*, 1996 U.S. Dist. LEXIS 10949, *43

(D.Del. 1996); *Di Ienno v. Libbey Glass Div., Owens-Illinois, Inc.*, 668 F.Supp. 373, 376 (D.Del. 1987); *Anderson v. Airco, Inc.*, 2004 Del. Super. LEXIS 210, *24-25 (Del. Super. Ct. 2004).

10. As claims for strict liability for allegedly defective goods in sales cases are precluded under Delaware law by the Uniform Commercial Code, Count Two of Plaintiff's Complaint fails to state a claim upon which relief can be granted and must be dismissed.

11. As to Count Three of Plaintiff's Complaint for breach of express and implied warranties relating to the design and manufacture of the lawn mower, these claims are barred by the applicable four year statute of limitations found in Section 2-725 of Delaware's enactment of the Uniform Commercial Code.

12. Section 2-725 of the Code states:

> (2) A cause of action accrues when the breach occurs, regardless of the aggrieved party's lack of knowledge of the breach. **A breach of warranty occurs when tender of delivery is made,** except that where a warranty explicitly extends to future performance of the goods and discovery of the breach must await the time of such performance the cause of action accrues when the breach is or should have been discovered.

6 Del.C. §2-725 (emphasis added).

13. Plaintiff's Complaint fails to allege when the subject lawn mower was tendered by Sears to the original purchaser. Plaintiff merely alleges that "[i]n or about 2004, the Sharkeys obtained a **pre-owned** Sears lawnmower." (*See*, Paragraph 8 of Plaintiff's Complaint)(emphasis added).

14. However, it is undisputable that the subject lawn mower was sold, and therefore tendered, by Sears to the original owner in 1999. (*See* Sears' sales documents attached to Defendant's Brief in Support as Exhibit "A").

3

15.  Therefore, the four-year statute of limitations began to run in 1999 and expired no later than 2003. *See* 6 <u>Del.C.</u> §2-725. Plaintiff did not file the Complaint until March 15, 2007, well after the expiration of the statute of limitations.

16.  Plaintiff's cause of action for breach of warranties accrued at the time of sale by Sears to the original owner in 1999 and expired no later than 2003, despite the fact that the Sharkey's took possession of the lawn mower in 2004. *See Lecates v. Hertrich Pontiac Buick, Co.*, 515 A.2d 163, 175 (Del. Super. Ct. 1986) (rejecting "revivication theory" and holding that the date of purchase by the original owners was the date breach of warranty claims accrued); *Dalton v. Ford Motor Company*, 2002 Del. Super. LEXIS 132, *22 (Del. Super. Ct. 2002) ("Since the automobiles were 'tendered' when purchased, this is when the statute of limitations began to run as to any breach of warranty claims.")

17.  There is no issue of material fact that the subject lawn mower was originally purchased from Sears in 1999, which is when Plaintiff's claims for breach of warranty accrued. The four-year statute of limitations for said claims expired no later than 2003, well before the filing of Plaintiff's Complaint. Therefore, as to Count Three of Plaintiff's Complaint, Sears is entitled to judgment as a matter of law.

WHEREFORE, Defendant, Sears, Roebuck and Co., prays this Court enter an Order dismissing Counts Two and Three of Plaintiff's Complaint.

Respectfully submitted,

COHEN, SEGLIAS, PALLAS, GREENHALL & FURMAN, P.C.

_____
Robert K. Beste, Jr., Esquire (Bar I.D. 154)
Nemours Building, Suite 1130
1007 North Orange Street
Wilmington, DE 19801
(302) 425-5089

Of Counsel:

Frederick W. Bode III, Esquire
P.A. Bar I.D. No. 33391 (Admitted *pro hac vice*)
DICKIE, McCAMEY & CHILCOTE, P.C.
Two PPG Place, Suite 400
Pittsburgh, PA 15222
(412) 281-7272

DATED:    July 11, 2007

03739-001/8

**CERTIFICATE OF SERVICE**

I, Robert K. Beste, Jr., Esquire, hereby certify that on this 11th day of July, 2007, a true and correct copy of Defendant's Motion to Dismss/Motion for Partial Summary Judgment as to Counts Two and Three of Plaintiff's Complaint and Brief in Support of the Motion to Dismiss/Motion for Partial Summary Judgment as to Counts Two and Three of Plaintiff's Complaint, has been filed electronically and is available for viewing and downloading from the ECF system and was served via electronic notification upon the following:

Joanne A. Shallcross, Esquire
The Law Offices of Joanne Shallcross, Inc.
702 King Street, Suite 600
Wilmington, DE 19801

Steven L. Smith, Esquire
Law Offices of Steven L. Smith, P.C.
404 Harvard Avenue
Swarthmore, PA 19081

/s/    ROBERT K. BESTE, JR.
Robert K. Beste, Jr., Esquire

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| NATIONWIDE MUTUAL FIRE INSURANCE CO., as subrogee of ROBERT SHARKEY and LYNN SHARKEY, | : : : : : | |
| Plaintiff, | : : | C. A. No. 1:07-CV-00153 JJF |
| v. | : : : | |
| SEARS, ROEBUCK AND CO., a Massachusetts corporation, | : : : | |
| Defendant. | : | |

## ORDER

AND, NOW, this ____ day of _____, 2007, upon consideration of Defendant Sears, Roebuck and Co.'s Motion To Dismiss/Motion For Partial Summary Judgment As To Counts Two And Three of Plaintiff's Complaint, along with the brief submitted in support thereof and any opposition thereto;

IT IS HEREBY ORDERED that Defendant's Motion To Dismiss/Motion For Partial Summary Judgment As To Counts Two And Three of Plaintiff's Complaint is GRANTED.

_____
              Judge