IN THE UNITED STATES DISTRICT COURT
FOR DISTRICT OF DELAWARE

| | |
|---|---|
| Nationwide Mutual Fire Insurance Co., as subrogee of Robert and Lynn Sharkey, One Nationwide Drive Columbus, OH 43215-2220, <br><br> Plaintiff, <br><br> v. <br><br> Sears, Roebuck and Co. 3333 Beverly Road Hoffman Estates, IL 60179, <br><br> Defendant. | CIVIL ACTION NO. 1:07-CV-00153-JJF <br><br><br><br><br><br><br><br><br><br><br><br> JURY TRIAL DEMANDED |

### PLAINTIFFS' ANSWER TO MOTION TO DISMISS OR FOR PARTIAL SUMMARY JUDGMENT AS TO COUNTS II AND III

Plaintiff, Nationwide Mutual Fire Insurance Company, as subrogee of Robert and Lynn Sharkey, by its undersigned counsel, hereby submits its Answer in Opposition to the Motion of Defendant Sears, Roebuck and Company to Dismiss or for Partial Summary Judgment as to Counts II and III of the Complaint.

1. Admitted.

2. Admitted.

3. Admitted.

4. Admitted.

5. Admitted.

1

6. Paragraph 6 of Sears' motion contains no factual averments, and therefore, no response is required.

7. Paragraph 7 of Sears' motion contains no factual averments, and therefore no response is required.

8. Denied.

9. Plaintiff denies that Delaware law is the substantive law applicable to plaintiffs claim, and demands strict proof thereof from the movant. Plaintiff admits, however, that Delaware law, if it is proven applicable, does not recognize strict liability in tot arising from the sale of the product.

10. Denied because the averments depend on the unproven assumption that Delaware law applies to Count II of plaintiffs' Complaint.

11. Denied because the averments depend on the unproven assumption that Delaware law applies to Count III of plaintiffs' Complaint.

12. Admitted.

13. Plaintiffs' Complaint speaks for itself. At the pleading stage, plaintiff is not required to aver each and every fact. Rather, federal courts employ "notice pleading." Specifically, plaintiff is not required to plead, without taking discovery, the date on which Sears sold the subject lawnmower to the original purchaser.

14. Denied. Sears characterizes as "undisputable, a "fact" that is based on a hearsay document that, on its face, raises a genuine issue of material fact. In paragraph 8 of the Complaint, plaintiff avers that the Sharkeys obtained a **preowned** Sears lawnmower in or about 2004 from a third party other than Sears. Yet, Exhibit "A" to Sears' motion appears to indicate that the purchaser was Lynn Sharkey and she directly purchased it from Sears. It is also unclear whether Exhibit "A" refers to the same riding mower as the one involved in this case. Plaintiff is entitled to conduct discovery from Sears as to why its records appear to indicate that Lynn Sharkey purchased the riding mower directly from Sears in 1999, and from the third party from whom Ms. Sharkey obtained the lawnmower in 2004.

15. Denied as based on the unproven assumption that Delaware law applies.

16. Denied as based on the unproven assumption that Delaware law applies.

17. Denied. Sears' only basis for claiming that the lawnmower was purchased in 1999 is the internally inconsistent purchase record that suggests that Lynn Sharkey was the direct purchaser in 1999. Sears' documents cannot be accepted at face value, and plaintiff

3

is entitled to conduct discovery to find out if anything other than the name of the purchaser is also incorrect in this document. If Sears' records incorrectly list the purchaser, they may also incorrectly list the date of purchase, and the item purchased. Discovery should be permitted to explore Sears' entire record relating to this lawnmower, the lawnmower listed in Exhibit "A" if different, the purchase of the subject lawnmower, and its service history.

WHEREFORE, plaintiff, Nationwide Mutual Fire Insurance Company, as subrogee of Robert and Lynn Sharkey, by its undersigned counsel, hereby respectfully request this Court to deny Sears' Motion to Dismiss or for Summary Judgment as to Counts II and III of Plaintiffs' Complaint.

        THE LAW OFFICES OF JOANNE SHALLCROSS, INC.

BY: _____
    JOANNE A. SHALLCROSS, ESQ.
    702 King Street
    Suite 600
    Wilmington, DE  19801
    (302) 472-4900

OF COUNSEL:
LAW OFFICES OF STEVEN L. SMITH, P.C.
Steven L. Smith, Esquire
404 Harvard Avenue
Swarthmore, Pa  19081
(610) 543-2700

IN THE UNITED STATES DISTRICT COURT
FOR DISTRICT OF DELAWARE

| | |
|---|---|
| Nationwide Mutual Fire Insurance Co., as subrogee of Robert and Lynn Sharkey, One Nationwide Drive Columbus, OH 43215-2220, : : : : : Plaintiff, : : v. : : Sears, Roebuck and Co. 3333 Beverly Road Hoffman Estates, IL  60179, : : : : Defendant. : | CIVIL ACTION NO. 1:07-CV-00153-JJF JURY TRIAL DEMANDED |

PLAINTIFFS' MEMORANDUM OF LAW
IN OPPOSITION TO SEARS' MOTION
TO DISMISS OR FOR SUMMARY JUDGMENT
AS TO COUNTS II AND III OF THE COMPLAINT

I.  INTRODUCTION

In an unusual move, Sears leads with its chin, by basing its Motion to Dismiss or for Summary Judgment as to Counts II and III of Plaintiffs' Complaint on a hearsay internal record, never before shown to plaintiff, that has obvious factual inaccuracies.  Sears vaunts this document as "undisputable" proof that the subject lawnmower was purchased in 1999, while simultaneously admitting in footnote 1 of its brief that the Exhibit is incorrect in its listing of the name of the purchaser. (Document 9).  However, this record raises more questions

than it answers, and demonstrates the premature nature of Sears' motion.

Sears uses Exhibit "A" to show the date of purchase of the subject lawnmower as November 2, 1999. To be sure, the hearsay document appears to reflect the purchase of **a lawnmower** on that date, but there is no proof that the lawnmower referenced in the exhibit is **the lawnmower** at issue in this case. Other information in this exhibit conflicts with the averments in plaintiff's complaint related to the subject lawnmower, casting genuine doubt on its usefulness. For example, the exhibit suggests that Lynn Sharkey purchased the lawnmower herself, while the complaint avers that someone else purchased the lawnmower from Sears.

The motion also is suspicious for its failure to include any repair record for the service work averred in the complaint. The repair record would contain an identification of the subject lawnmower that could be compared to the lawnmower in Exhibit "A".

Discovery will show that Lynn Sharkey did not purchase the subject lawnmower directly from Sears; rather, as is averred in paragraph 8 of the Complaint, she and her husband Robert obtained the lawnmower second-hand from the original purchaser. For this reason, it is

premature to determine when the statute of limitations for breach of warranty claims under the UCC began to run.

Furthermore, as to Count II, while Delaware law does not recognize strict liability under the Restatement (Second) of Torts §402A, there are not sufficient facts on the record at this time to determine whether Delaware law applies. For example, if the lawnmower was purchased in a state other than Delaware that has adopted §402A, that state's law may apply. Accordingly, pursuant to Rule 56(f) this Court should refuse Sears' motion for judgment and order discovery to be had as to the full factual circumstances surrounding the purchase of the lawnmower.

## II. FACTS

Despite Sears' concession that on a motion to dismiss, a Court should take all allegations set forth in the Complaint as true, its motion sets out to change and add inadmissible and unsubstantiated facts. Furthermore, by attaching a single two-page documentary exhibit, Sears seeks to convert a garden variety 12(b)(6) motion into a summary judgment motion before the first set of interrogatories have been served.

The facts set forth in the Complaint can be briefly summarized herein. Robert and Lynn Sharkey obtained a

used Sears lawnmower from a third party in or about 2004. The lawnmower stopped working in or around July 2006, and the Sharkeys called Sears for service. A few weeks later, a fire erupted in the Sharkeys garage, and plaintiffs now claim that the fire was due either to a defect in the lawnmower or to the improper servicing thereof by Sears.

In the spirit of notice pleading, various facts do not appear in the Complaint. Plaintiff does not identify the original purchaser of the lawnmower, the original purchase date, the location of the Sears store where the original purchase was made, and other details relating to this case which, presumably, will be explored in discovery.

Notably, Sears does not claim much less prove that plaintiffs' Complaint lacks sufficient facts to satisfy the notice pleading requirement; it does not cite a single authority for requiring plaintiff to plead, in the Complaint, the date or the location of the original purchase of the lawnmower purchased used. Nor does Sears provide support for the notion that plaintiff must plead which state's law may be applicable, or when the statute of limitations begins or ends on a particular cause of action.

Plaintiff attaches the Affidavit of Karen Smith, a Nationwide representative, who swears that, at that this time, Nationwide cannot present by affidavit the facts essential to justify its opposition to Sears motion for summary judgment, insofar as the information relating to the original purchase of the lawn mower in question is not known to Nationwide or to its insureds, since the insureds purchased the lawn mower used; nor can it present by affidavit the facts essential to justify its opposition to the purchase record attached by Sears to its motion, since Nationwide has not been afforded the opportunity to conduct discovery of Sears to ascertain the veracity of the information contained in the record. Exhibit "A".

## III. ARGUMENT

    A.    **The Lack of Reliable Facts Precludes this Court From Reaching a Finding of Fact as to When the Lawnmower was Originally Purchased from Sears.**

Sears' motion to dismiss Count III is based solely on the argument that the statute of limitations for a claim of breach of warranty under §2-725 of the Uniform Commercial Code has expired. As the movant, Sears has the burden to prove when Sears tendered delivery of the subject lawnmower. On this record at this time, Sears cannot meet this burden of proof.

Sears gamely offers a two-page printout from a computer database. There is no affidavit from a Sears' representative explaining what the various terms and codes mean. However, Sears' lawyers assert that this document is a record of the merchandise purchases by one Lynn Sharkey.

The first page of the exhibit purports to indicate that Lynn Sharkey purchased a window air conditioner in 2004, a miter saw in 2005, and a riding mower in 1999. However, this document raises more questions than it answers. Sears seems to assume, without a stitch of proof, that the riding mower referenced in the document is the riding mower involved in this case. That assumption conflicts with plaintiff's averment that Lynn Sharkey did not purchase the mower directly from Sears, she got it from used from a third party. Sears concedes the inaccuracy in naming the purchaser, but its lawyers (not any knowledgeable witness) blithely attempt to finesse this obvious defect by suggesting without proof that "Lynn Sharkey was *likely* added to the Sears database as the owner in 2006 when the Sharkeys called Sears to service the lawn tractor." (Document 9, emphasis supplied).

6

Furthermore, Sears fails to provide a document that could show if the lawnmower in its exhibit is the same as the one involved in this case – the service record. Presumably, the service record would include information identifying the lawnmower that was serviced, and that identifying information could be used to trace the original sale/purchase of the mower, and to confirm whether lawnmower in exhibit "A" is the one that the Sharkeys had serviced.

Of course, without being able to prove that the lawnmower referenced in exhibit "A is the lawnmower involved in the fire, Sears cannot show the original "tender of delivery" date that begins the running of the four-year limitations period.

The parties should be permitted to conduct discovery on this and other issues and, at the appropriate time, the statute of limitations issue for the breach of warranty claims can be revisited. If it turns out that Delaware law applies and the subject lawnmower was tendered for delivery by Sears before March 15, 2003, four years before the Complaint was filed, dismissal of the breach of warranty claim may be appropriate.

    B.    Without Reliable Facts as to the Date or Place of Purchase, it is Premature to Conclude as a Matter of Law that Delaware Law Applies, and that Plaintiffs' Strict Liability Claim Cannot be Pursued.

Sears devotes a single paragraph in its brief to the pivotal contention that "the substantive law of the State of Delaware applies." This contention is facile and premature. Choice of law issues depend on a searching analysis of many circumstances to determine which state's interests are to be furthered. Sears, the movant, cites no authority requiring plaintiff to address choice of law issues in its Complaint, or authorizing a court to make a choice of law determination based solely on the allegations of a Complaint.

Indeed, plaintiffs' Complaint herein contains no averments that ultimately would further a choice of law analysis in this case. Plaintiff does not because it need not indicate who the original purchaser was, where they lived at the time of the purchase and thereafter, and in what state the Sears store was located. If, however, the original purchase and use of the mower was in a state that recognizes strict liability under §402A, this Court would be required to consider those facts in its choice of law analysis.

8

The parties should be able to conduct discovery relating to the choice of law issues. After that discovery is complete, should it appear that the circumstances favor the application of Delaware law, plaintiff would consider voluntary dismissal of Count II at that time.

## IV. CONCLUSION

In light of the foregoing, plaintiff Nationwide Mutual Fire Insurance Company, as subrogee of Robert and Lynn Sharkey, by its undersigned counsel, hereby respectfully request this Court to deny as premature the Motion to Dismiss or for Summary Judgment of Defendant Sears as to Counts II and III of Plaintiffs' Complaint.

THE LAW OFFICES OF JOANNE SHALLCROSS, INC.

BY: _____
JOANNE A. SHALLCROSS, ESQ.
702 King Street
Suite 600
Wilmington, DE  19801
(302) 472-4900


OF COUNSEL:
LAW OFFICES OF STEVEN L. SMITH, P.C.
Steven L. Smith, Esquire
404 Harvard Avenue
Swarthmore, Pa  19081
(610) 543-2700

9

IN THE UNITED STATES DISTRICT COURT
FOR DISTRICT OF DELAWARE

| | |
|---|---|
| Nationwide Mutual Fire Insurance Co., as subrogee of Robert and Lynn Sharkey, One Nationwide Drive Columbus, OH 43215-2220, : : : : : : | CIVIL ACTION NO. 1:07-CV-00153-JJF |
| Plaintiff, : : | |
| v. : : | |
| Sears, Roebuck and Co. 3333 Beverly Road Hoffman Estates, IL  60179, : : : : | JURY TRIAL DEMANDED |
| Defendant. : | |

STATE OF OHIO        :
                     :
COUNTY OF STARK      :

### AFFIDAVIT OF KAREN SMITH

KAREN SMITH deposes and says:

1.  I am a claims representative for Nationwide Mutual Fire Insurance Company and am duly authorized to provide this Affidavit.  I am aware that Sears has filed a motion to dismiss or for summary judgment that depends on various assertions of fact relating to the original purchase of the subject lawn mower, namely, the purchaser, the location of the Sears store, the location where the lawn mower was used after its initial purchase

and the transfer of the lawn mower to Nationwide's insureds.

2. Nationwide cannot present by affidavit the facts essential to justify its opposition to Sears motion for summary judgment, insofar as the information relating to the original purchase of the lawn mower in question is not known to Nationwide or to its insureds, since the insureds purchased the lawn mower used.

3. Nationwide cannot present by affidavit the facts essential to justify its opposition to the purchase record attached by Sears to its motion, since Nationwide has not been afforded the opportunity to conduct discovery of Sears to ascertain the veracity of the information contained in the record; however, on its face, Nationwide states that it purports to show that Lynn Sharkey purchased a lawn mower from Sears in 1999. Even if this were true, Nationwide has information and belief that Lynn Sharkey did not purchase the subject lawn mower directly from Sears.

_____
KAREN SMITH, NATIONWIDE
MUTUAL FIRE INSURANCE CO.

```
Sworn to and subscribed
before me this  19th  day
of    July        , 2007

_____
      NOTARY PUBLIC
```

Susan K. Dill
Notary Public, State of Ohio
My Commission Expires April 19, 2009

IN THE UNITED STATES DISTRICT COURT
FOR DISTRICT OF DELAWARE

| | |
|---|---|
| Nationwide Mutual Fire Insurance Co., as subrogee of Robert and Lynn Sharkey, One Nationwide Drive Columbus, OH 43215-2220, : : : : : Plaintiff, : : v. : : Sears, Roebuck and Co. 3333 Beverly Road Hoffman Estates, IL  60179, : : : : Defendant. : | CIVIL ACTION NO. 1:07-CV-00153-JJF JURY TRIAL DEMANDED |

### CERTIFICATE OF SERVICE

I, JOANNE A. SHALLCROSS, attorney for plaintiffs hereby certify that I am duly authorized to make this certification; that on the 23rd day of July, 2007, I did cause a true and correct copy of Plaintiffs' Answer to Motion to Dismiss or For Partial Summary Judgment as to Counts II and II, by U.S. First Class mail, postage prepaid to be served on the following:

Robert K. Beste, Jr., Esquire
Nemours Building, Suite 1130
1007 North Orange Street
Wilmington, DE  19801

Frederick W. Bode III, Esquire
DICKIE, McCAMEY & CHILCOTE, P.C.
Two PPG Place, Suite 400
Pittsburgh, PA  15222

```
                        THE LAW OFFICES OF JOANNE SHALLCROSS,
                        INC.


                        BY: _____
                            JOANNE A. SHALLCROSS, ESQ.
                            702 King Street
                            Suite 600
                            Wilmington, DE   19801
                            (302) 472-4900
```

OF COUNSEL:
LAW OFFICES OF STEVEN L. SMITH, P.C.
Steven L. Smith, Esquire
404 Harvard Avenue
Swarthmore, Pa   19081
(610) 543-2700

```
              IN THE UNITED STATES DISTRICT COURT
                    FOR DISTRICT OF DELAWARE
```

| | |
|---|---|
| Nationwide Mutual Fire Insurance Co., as subrogee of Robert and Lynn Sharkey, One Nationwide Drive Columbus, OH 43215-2220,<br><br>      Plaintiff,<br><br>    v.<br><br>Sears, Roebuck and Co. 3333 Beverly Road Hoffman Estates, IL 60179,<br><br>      Defendant. | : CIVIL ACTION NO.<br>: 1:07-CV-00153-JJF<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>: JURY TRIAL<br>: DEMANDED<br>: |

## O R D E R

AND NOW, this _____, day of _____, 2007, upon consideration of defendant Sears, Roebuck and Company's Motion to Dismiss or for Partial Summary Judgment as to Counts II and III of the Complaint, and Plaintiff's Answer in Opposition Thereto,

IT IS HEREBY ORDERED that the said Motion is DENIED.

                      BY THE COURT:

                      _____
                                            J.