IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

NATIONWIDE MUTUAL FIRE  :
INSURANCE CO., as subrogee of  :
ROBERT SHARKEY and LYNN  :
SHARKEY,  :
   :
             Plaintiff,  :     C. A. No. 1:07-CV-00153 JJF
   :
      v.  :
   :
SEARS, ROEBUCK AND CO., a  :
Massachusetts corporation,  :
   :
             Defendant.  :

**DEFENDANT, SEARS, ROEBUCK AND CO.'S REPLY TO PLAINTIFF'S
MEMORANDUM OF LAW IN OPPOSITION TO SEARS' MOTION TO DISMISS OR
FOR SUMMARY JUDGMENT AS TO COUNTS II AND III OF THE COMPLAINT**

Robert K. Beste, Jr., Esquire
(Bar I.D. 154)
COHEN, SEGLIAS, PALLAS, GREENHALL &
FURMAN, P.C.
Nemours Building, Suite 1130
1007 North Orange Street
Wilmington, DE 19801
(302) 425-5089

Of Counsel:

Frederick W. Bode III, Esquire
P.A. Bar I.D. No. 33391 (Admitted *pro hac vice)*
DICKIE, McCAMEY & CHILCOTE, P.C.
Two PPG Place, Suite 400
Pittsburgh, PA 15222
(412) 281-7272

## TABLE OF CONTENTS

Page

TABLE OF AUTHORITIES .......................................................................................... ii

1.  PLAINTIFF'S CLAIM FOR STRICT LIABILITY MUST BE DISMISSED
    UNDER DELAWARE LAW AND IS RIPE FOR REVIEW..................................................2

2.  WHETHER DELAWARE LAW APPLIES IS AN ISSUE THAT IS RIPE FOR
    REVIEW....................................................................................................................3

3.  DELAWARE LAW IS APPLICABLE BECAUSE DELAWARE  HAS THE
    "MOST SIGNIFICANT" RELATIONSHIP TO THE OCCURRENCE AND THE
    PARTIES AND PLAINTIFF HAS ALREADY ADMITTED THAT DELAWARE
    LAW APPLIES IN ITS COMPLAINT.............................................................................4

4.  DEFENDANT SEARS' RECORDS WHICH ARE KEPT IN THE REGULAR
    COURSE OF BUSINESS PROVE THAT THE SUBJECT PRODUCT WAS
    PURCHASED ON NOVEMBER 2, 1999 .........................................................................9

# TABLE OF AUTHORITIES

**Page(s)**

## Cases

*Amoroso v. Joy Mfg. Co.*, 531 A.2d 619 (Del.Super. 1987) ........................................................... 8

*Anderson v. Airco, Inc.*, 2004 Del. Super. LEXIS 210 (Del. Super. Ct. 2004) .......................... 5, 6

*General Foods Corp. v. Cryo-Maid, Inc.*, 41 Del. Ch. 474, 198 A.2d 681 (1964) ........................ 3

*Hervey v. Leisure Worlds Corp.*, 1991 WL 113427 (Del. Super. 1991) ....................................... 8

*Hurst v. General Dynamic Corp.*, 583 A.2d 1334 (Del. Ch. 1990) ............................................... 3

*Life Assurance Co. v. Associated Investors Int'l Corp.*, 312 A.2d 337
  (Del. Ch. 1973) ........................................................................................................................ 3, 7

*Travelers Indemnity Co. v. Lake*, 594 A.2d 38 (Del. 1991) .......................................................... 4

## Other Authorities

Federal Rule of Evidence 803 (6) ................................................................................................... 9

Restatement (Second) of Conflict of Laws § 145 ...................................................................... 4, 6

Restatement (Second) of Conflict of Laws § 145(2)(a) .................................................................. 6

Restatement (Second) of Conflict of Laws § 145(2)(b) .................................................................. 6

Restatement (Second) of Conflict of Laws § 145(2)(c) ............................................................... 6, 7

Restatement (Second) of Conflict of Laws § 145(2)(d) .................................................................. 7

Restatement (Second) of Conflict of Laws § 6 ....................................................................... 4, 6, 7

Restatement (Second) of Conflict of Laws § 6(f) ........................................................................... 7

Restatement (Second) of Torts § 402A .................................................................................. 1, 2, 8

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| NATIONWIDE MUTUAL FIRE<br>INSURANCE CO., as subrogee of<br>ROBERT SHARKEY and LYNN<br>SHARKEY, | :<br>:<br>:<br>:<br>: | |
| Plaintiff, | : | C. A. No. 1:07-CV-00153 JJF |
| | : | |
| v. | : | |
| | : | |
| SEARS, ROEBUCK AND CO., a<br>Massachusetts corporation, | :<br>: | |
| | : | |
| Defendant. | : | |

## DEFENDANT, SEARS, ROEBUCK AND CO.'S REPLY TO PLAINTIFF'S MEMORANDUM OF LAW IN OPPOSITION TO SEARS' MOTION TO DISMISS OR FOR SUMMARY JUDGMENT AS TO COUNTS II AND III OF THE COMPLAINT

AND NOW Comes the Defendant Sears, Roebuck and Co. ("Sears"), by and through its undersigned counsel and files the following Reply to Plaintiff's Memorandum of Law in Opposition to Sears' Motion to Dismiss or for Summary Judgment as to Counts II and III of the Complaint:

Despite Plaintiff's statements to the contrary, there are sufficient facts on the record to support a finding that Plaintiff's claims for breach of warranty have been filed after expiration of the applicable statute of limitations. Additionally, there are ample facts to demonstrate that the law of the state of Delaware applies and, as Plaintiff concedes in its brief, Delaware law does not recognize strict liability under the Restatement (Second) of Torts § 402A. As such, Counts II and III of Plaintiff's Complaint must be dismissed for failure to state a claim upon which relief may be granted.

1

1. **PLAINTIFF'S CLAIM FOR STRICT LIABILITY MUST BE DISMISSED UNDER DELAWARE LAW AND IS RIPE FOR REVIEW**

Plaintiff concedes that Delaware law does not recognize strict liability under the Restatement (Second) of Torts § 402A. See Page 3 of Plaintiff's Memorandum of Law in Opposition to Sears' Motion to Dismiss or For Summary Judgment as to Counts II and III of the Complaint. Plaintiff even states in its Memorandum of Law that if Delaware law does apply, "plaintiff would consider voluntary dismissal of Count II at that time." See Page 9 of Plaintiff's Memorandum of Law in Opposition to Sears' Motion to Dismiss or For Summary Judgment as to Counts II and III of the Complaint. However, in an attempt to circumvent the inevitable in having its claim for strict liability dismissed, Plaintiff has averred the possibility that Delaware law does not apply in this case. Plaintiff claims that because the subject product may have been purchased and used in a state that recognizes strict liability under § 402A, the Court is required to consider those facts in its choice of law analysis. See page 8 of Plaintiff's Memorandum of Law in Opposition to Sears' Motion to Dismiss or For Summary Judgment as to Counts II and III of the Complaint.

Plaintiff further avers in its Memorandum of Law that "the parties should be able to conduct discovery relating to the choice of law issues." See Page 9 of Plaintiff's Memorandum of Law in Opposition to Sears' Motion to Dismiss or For Summary Judgment as to Counts II and III of the Complaint. Assuming arguendo, however, that the subject product was purchased and/or used by former owners in a state other than Delaware, those facts would not change the fact that Delaware law applies in this case. Furthermore, Plaintiff has already admitted in its Complaint that Delaware law does apply. In Paragraph 13 of the Complaint, Plaintiff alleges "by virtue of Nationwide's aforesaid payments to the Sharkeys, Nationwide is subrogated to the rights of the Sharkeys pursuant to the insurance policy <u>and the laws of the State</u>

2

of Delaware, and may proceed against Defendant herein to pursue a recovery of its losses." See

Paragraph 13 of Plaintiff's Complaint (emphasis added).

### 2.    WHETHER DELAWARE LAW APPLIES IS AN ISSUE THAT IS RIPE FOR REVIEW

A court may make a choice of law determination based upon the allegations set

forth in the pleadings. See *Hurst v. General Dynamic Corp.*, 583 A.2d 1334 (Del. Ch. 1990). In

*Hurst*, plaintiff challenged defendant's motion to dismiss in a case involving the issue of whether

a court should make a determination regarding a choice of law based upon the pleadings. As in

this case, plaintiff opposed defendant's motion to dismiss contending "that because choice of law

determinations are inherently fact specific, any determination of the appropriate choice of law

would be premature, and none should be made until the facts are fully developed through

discovery." *Hurst*, 583 A.2d at 1338. The court could not agree with plaintiff's argument. The

court noted that "[t]o delay that evaluation until a definitive record is developed would defeat the

purpose of a motion to dismiss or stay, which is to advance the expeditious and economic

adjudication of the case." *Id.*, citing, *General Foods Corp. v. Cryo-Maid, Inc.*, 41 Del. Ch. 474,

198 A.2d 681 (1964); *Life Assurance Co. v. Associated Investors Int'l Corp.*, 312 A.2d 337, 340

(Del. Ch. 1973).

In this case, delaying the decision regarding choice of law would defeat the

purpose of a motion to dismiss. See *Hurst, supra*. The pleadings themselves reflect many ties to

Delaware. As will be discussed more fully below, the Court should make the determination that

Delaware law applies now, and accordingly, plaintiff's strict liability claim must fail.

3

3.    **DELAWARE LAW IS APPLICABLE BECAUSE DELAWARE HAS THE "MOST SIGNIFICANT" RELATIONSHIP TO THE OCCURRENCE AND THE PARTIES AND PLAINTIFF HAS ALREADY ADMITTED THAT DELAWARE LAW APPLIES IN ITS COMPLAINT**

In choosing which jurisdiction's law applies to a case, Delaware has adopted the "most significant relationship test." *Travelers Indemnity Co. v. Lake*, 594 A.2d 38 (Del. 1991). In *Travelers Indemnity*, the Delaware Supreme Court adopted § 145 of the Restatement (Second) of Conflict of Laws which sets forth this "most significant relationship test". Section 145 of the Restatement provides:

§ 145 The General Principle

(1)    The rights and liabilities of the parties with respect to an issue in tort are determined by the local law of the state which, with respect to that issue, has the most significant relationship to the occurrence and the parties under the principles stated in § 6.

(2)    Contacts to be taken into account in applying the principles of § 6 to determine the law applicable to an issue include:

(a)    the place where the injury occurred,

(b)    the place where the conduct causing the injury occurred,

(c)    the domicil, residence, nationality, place of incorporation and place of business of the parties, and

(d)    the place where the relationship, if any, between the parties is centered.

These contacts are to be evaluated according to their relative importance with respect to the particular issue.

Restatement (Second) of Conflict of Laws, § 145

Section 6 of the Restatement (Second) Conflict of Laws provides:

§ 6 Choice-Of-Law Principles

(1)    A court, subject to constitutional restrictions, will follow a statutory directive of its own state on choice of law.

4

(2)    When there is no such directive, the factors relevant to the choice of the applicable rule of law include

(a)    the needs of the interstate and international systems,

(b)    the relevant policies of the forum,

(c)    the relevant policies of other interested states and the relative interests of those states in the determination of the particular issue,

(d)    the protection of justified expectations,

(e)    the basic policies underlying the particular field of law,

(f)    certainty, predictability and uniformity of result, and

(g)    ease in the determination and application of the law to be applied.

These principles were applied in *Anderson v. Airco, Inc.*, 2004 Del. Super. LEXIS 210 (Del. Super. Ct. 2004). In *Anderson*, plaintiffs filed suit against thirty-six (36) defendants alleging strict products liability, among other claims, for injuries "allegedly resulting from prolonged workplace exposure to vinyl chloride monomer, a chemical compound manufactured, marketed and utilized by companies in the polyvinyl industry". *Id.* at *3-*4. Motions to Dismiss were filed by many of the defendants. *Id.* at *5. One of the defendants filed a motion to dismiss stating that plaintiffs had failed to state a cause of action upon which relief may be granted because Delaware law applies and a claim for strict products liability is not recognized here. *Id.* at *6-*7. The court engaged in a conflicts of law analysis to determine whether Delaware law did apply. *Id.* at *24-*29.

Plaintiffs claimed that Delaware law did not apply asserting "that the 'places where the tortious conduct leading to injury occurred were in the states where the [Supplier] Defendants caused their literature to be created and in the States where [they] had their various meetings'." *Id.* at *25. The defendants, however, argued that the injury occurred in Delaware.

5

*Id.* at \*29.    Additionally, the defendants argued that the allegedly defective product was delivered to a plant in Delaware. *Id.* at \*29.

The court noted that preference is given to the jurisdiction in which the injury occurred, i.e. in Delaware. *Id.* at \*27-\*28. Furthermore, the court relying upon Sections 145 and 6 of the Restatement (Second) of Conflict of Laws noted that "[e]ven assuming arguendo that some wrongful conduct occurred at the site of production, this fact is outweighed by the subsequent interactions between the parties and events in Delaware." *Id.* at \*29. The court held that Delaware law applies and plaintiffs' claim for strict products liability fails as Delaware law does not recognize such a claim. *Id.* at \*29.

In applying the principles as stated in this section of the Restatement to this case, we know that the real and personal property alleged to be damaged is located in Delaware. See ¶¶ 6 and 10 of Plaintiff's Complaint; See also § 145(2)(a) of the Restatement (Second) of Conflict of Laws. Plaintiff alleges that the fire "was caused by the malfunction and/or failure of the mower, and by the improper servicing thereof by Sears;" said mower was located in Delaware and serviced in Delaware. See ¶ 10 of Plaintiff's Complaint; See also § 145(2)(b) of the Restatement (Second) of Conflict of Laws.

Defendant Sears is a corporation licensed to do business in the state of Delaware. See ¶ 2 of Sears' Answer and Affirmative Defenses. Plaintiff's subrogors Robert and Lynn Sharkey, the owners of the allegedly defective product at issue and owner of the real and personal property allegedly damaged, reside in Delaware. See ¶ 6 of Plaintiff's Complaint; See also § 145(2)(c) of the Restatement (Second) of Conflict of Laws. Plaintiff Nationwide Mutual Fire Insurance Co. is an Ohio corporation "which at all times material hereto regularly and systematically conducted its insurance business in and about this judicial district", i.e., Delaware.

6

See ¶ 1 of Plaintiff's Complaint; See also § 145(2)(c) of the Restatement (Second) of Conflict of Laws. Additionally, in Paragraph 11 of Plaintiff's Complaint, it is alleged that "the Sharkeys were insured by plaintiff Nationwide. After the fire, the Sharkeys made a claim under the Nationwide policy." See ¶ 11 of Plaintiff's Complaint. It is also alleged in Plaintiff's Complaint that "Nationwide has paid and may continue to pay sums of money to its insureds, the Sharkeys, for losses they sustained as a result of the aforementioned fire." See ¶ 12 of Plaintiff's Complaint.

Furthermore, Plaintiff alleges "by virtue of Nationwide's aforesaid payments to the Sharkeys, Nationwide is subrogated to the rights of the Sharkeys pursuant to the insurance policy and the laws of the State of Delaware, and may proceed against defendant herein to pursue a recovery of its losses." See ¶ 13 of Plaintiff's Complaint (emphasis added). Pursuant to Section 145(2)(d), by Plaintiff's own admission, the relationship of the parties is centered in the state of Delaware. Plaintiff admits in Paragraph 13 of its Complaint that Delaware law applies. Plaintiff is making a feeble attempt to overcome the fact that Delaware law applies by alleging the possibility that maybe the subject product was purchased at some point and/or used by someone else in a state other than Delaware; to make such an allegation is nonsense.

Section 6 of the Restatement (Second) of Conflict of Laws also supports the application of Delaware law. Plaintiff's attempt to invoke the law of another state where maybe the subject product was initially purchased and/or used by a former owner would not yield "certainty, predictability, and uniformity of the result." See Restatement (Second) of Conflict of Laws § 6(f). As previously set forth above, Plaintiff has already admitted that Delaware law applies in Paragraph 13 of its Complaint, but all relevant contacts alleged in the pleadings relate to the state of Delaware. Additionally, it is just as possible that the subject product may have

7

originally been purchased and/or used by a former owner in Delaware. As previously stated, Plaintiff claims that because the subject product may have been purchased and used in a state that recognizes strict liability under § 402A, the Court is required to consider those facts in its choice of law analysis. See page 8 of Plaintiff's Memorandum of Law in Opposition to Sears' Motion to Dismiss or For Summary Judgment as to Counts II and III of the Complaint. Regardless however where the subject product was sold, "the claim of a person who is injured in Delaware as a result of allegedly defective goods purchased in another state is governed by Delaware law". *Hervey v. Leisure Worlds Corp.*, 1991 WL 113427 (Del. Super. 1991) (unpublished opinion which is attached hereto as Exhibit "A"), *citing Amoroso v. Joy Mfg. Co.*, 531 A.2d 619 (Del.Super. 1987).

Pursuant to the "most significant relationship" conflicts of law doctrine, Delaware law applies in this case as all relevant contacts alleged in Plaintiff's Complaint are found in Delaware and are as follows:

1.  Plaintiff Nationwide admits that Delaware law applies in Paragraph 13 of its Complaint;

2.  Plaintiff Nationwide admits that it "regularly and systematically conducted its insurance business in and about this judicial district", i.e., Delaware, in Paragraph 1 of its Complaint;

3.  Plaintiff admits that its subrogors, Robert and Lynn Sharkey, reside in Delaware in Paragraph 6 of the Complaint; and

4.  Plaintiff admits in Paragraphs 6 and 10 of its Complaint that the real and personal property alleged to be damaged and the subject product that is alleged to have caused this damage are located in Delaware; and,

Additionally, Defendant Sears is a corporation licensed to do business in the state of Delaware. See ¶ 2 of Sears' Answer and Affirmative Defenses. Taking all of these

8

circumstances into consideration, the application of Delaware law is proper. The application of any other law would be error. Plaintiff, therefore, cannot avoid the fact that Delaware does not recognize a claim for strict liability and as such, Count II of Plaintiff's Complaint must be dismissed. Pursuant to the before mentioned "most significant contacts test," the law of the state of Delaware applies and, as such, Plaintiff's claim for alleged strict liability for allegedly defective goods fails as Delaware law does not recognize such a claim. As more fully stated in Defendant Sears' Motion to Dismiss and supporting brief, Plaintiff's Complaint fails to state a claim upon which relief can be granted as Delaware law does not recognize such a cause of action. Therefore, Count II of Plaintiff's Complaint must be dismissed.

4.    **DEFENDANT SEARS' RECORDS WHICH ARE KEPT IN THE REGULAR COURSE OF BUSINESS PROVE THAT THE SUBJECT PRODUCT WAS PURCHASED ON NOVEMBER 2, 1999**

Plaintiff is also making nonsensical arguments regarding the purchase date of the subject product. Plaintiff alleges in its Complaint that "in or about 2004, the Sharkeys obtained a pre-owned Sears lawn mower." See ¶ 8 of Plaintiff's Complaint. Plaintiff also alleges that the subject product was serviced by Sears "in or about July 2006." According to Sears records which are kept in the course of regularly conducted business, the subject product was purchased at Sears on 11/02/99. See Exhibit "A" to Defendant Sears' Motion to Dismiss/Motion for Partial Summary Judgment as to Counts II and III of Plaintiff's Complaint. Said document is not hearsay as alleged by Plaintiff pursuant to Federal Rule of Evidence 803 (6). For Plaintiff to contradict the purchase date of the subject product, Plaintiff must just make more than bold unsubstantiated assertions in an effort to circumvent the statute of limitations applicable to a claim for breach of warranty. Based upon the Sears records kept in the regular course of business, the subject product was purchased on November 2, 1999. As Plaintiff did not file the

9

Complaint until March 15, 2007, well after the four-year statute of limitations had already run, the claims for breach of express and implied warranties are stale and must be dismissed.

Respectfully submitted,

COHEN, SEGLIAS, PALLAS, GREENHALL & FURMAN, P.C.

Robert K. Beste, Jr., Esquire (Bar I.D. 154)
Nemours Building, Suite 1130
1007 North Orange Street
Wilmington, DE 19801
(302) 425-5089

Of Counsel:

Frederick W. Bode III, Esquire
P.A. Bar I.D. No. 33391 (Admitted *pro hac vice)*
DICKIE, McCAMEY & CHILCOTE, P.C.
Two PPG Place, Suite 400
Pittsburgh, PA 15222
(412) 281-7272

DATED:        July 30, 2007

Exhibit A

Westlaw.

Not Reported in A.2d
Not Reported in A.2d, 1991 WL 113427 (Del.Super.)
**(Cite as: 1991 WL 113427 (Del.Super.))**

Page 1

Only the Westlaw citation is currently available.

UNPUBLISHED OPINION. CHECK COURT
RULES BEFORE CITING.

Superior Court of Delaware.
Gary HERVEY and Kimberly Hervey
v.
LEISURE WORLD CORP.
v.
M & M DISTRIBUTING COMPANY, INC.
v.
BRILO CORPORATION.
C.A. No. 90C-JL-14.

Assigned: Feb. 20, 1991.
Decided: June 18, 1991.
Andrew G. Ahern, III, Joseph W. Benson, P.A.,
Wilmington, for plaintiffs.

Richard K. Herrmann, Scott R. Harrison, Bayard,
Handelman & Murdock, P.A., Wilmington, for
defendant.

OPINION AND ORDER

BALICK, Judge.

*1 Plaintiffs seek damages for serious personal
injury sustained by Gary Hervey when he tried to
dive into the swimming pool at plaintiffs' house in
Glenmore, Pennsylvania on July 4, 1988.  M & M
Distributing Co., Inc., doing business as Kiddie
World, sold the allegedly defective component parts
of the above-ground swimming pool to plaintiffs in
Delaware on or about July 3, 1983.  Plaintiffs allege
three theories of recovery: (1) negligence, (2) breach
of warranty, and (3) strict liability.  M & M seeks
partial summary judgment as to theories (2) and (3).
Plaintiffs concede that their claim for breach of
warranty is barred by the statute of limitations.

M & M contends that plaintiffs' claim for strict
liability in tort fails to state a claim under Delaware
law.  Cline v. Prowler Industries of Md., Inc.,
Del.Super., 418 A.2d 968 (1980).  Plaintiffs counter
that the claim is governed by Pennsylvania law,
which recognizes strict liability in tort for injuries
caused by defective products, because the claim

sounds in tort, and the Delaware choice of law rule is
that the law of the place of injury, in this case
Pennsylvania, governs.  Amoroso v. Joy Mfg. Co.,
Del.Super., 531 A.2d 619 (1987).

The characterization of plaintiffs' claim for the
purpose of determining the choice of law rule is
governed by the law of the forum.  Restatement,
Second, Conflict of Laws § 7.  The premise of
plaintiffs' position, namely, that their claim sounds in
tort, is inconsistent with Cline.  Cline says as follows:

The fallacy of this supposition [that strict liability is
based on tort law], however, is that although the
implied warranties we here consider may have been
tortious in nature in the distant past, subsequent
developments in the law have inextricably tied them
to sales contracts.

418 A.2d at 975.

The U.C.C.'s all inclusive attitude concerning the
legal concept of "commercial transaction", and its
manifest attempts to provide remedies for personal
injury to the consumer, all suggest that a
hybridization of tort and contract concepts has
occurred by virtue of the provisions of the U.C.C.

418 A.2d at 976.

Thus, a claim for personal injury resulting from the
sale of allegedly defective goods is governed by the
UCC.

The UCC contains a choice of law rule:  In the
absence of agreement to the contrary, Delaware's
UCC "applies to transactions bearing an appropriate
relation to this State." 6 Del.C. § 1-105(1).  A court
must follow a statutory directive of its own state on
choice of law.  Restatement, Second, Conflict of
Laws § 6(1) comment a.

The transaction on which plaintiffs' claims are based
unquestionably bears an appropriate relation to
Delaware.  Hawkland UCC Series § 1-105:04.  The
transaction between the parties in this case, including
delivery, occurred in Delaware.  Cf. Howard J.
Donnelly v. Kirkwood Fitness & Racquetball Clubs,
Inc., et al., Del.Super., C.A. No. 83C-JL-51,
Herrmann, C.J. (retired) (Aug. 21, 1986);
Restatement, Second, Conflict of Laws § 191

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in A.2d
Not Reported in A.2d, 1991 WL 113427 (Del.Super.)
(Cite as: 1991 WL 113427 (Del.Super.))

Page 2

comment c.  Thus, defendant is entitled to summary judgment insofar as plaintiffs' claim is based on strict liability.

*2 This holding is not necessarily inconsistent with *Amoroso*. *Amoroso* holds that the claim of a person who is injured in Delaware as a result of allegedly defective goods purchased in another state is governed by Delaware law.  Although the court's reasoning was based on the choice of law rule for torts, it may be that use of the UCC's choice of law rule would lead to the same result.  Anderson's UCC § 1-105:14.  In any event, the court's analysis in *Cline* is inconsistent with a claim of strict liability in tort for personal injury based on a sale of allegedly defective goods in Delaware.

For these reasons, it is ORDERED that the motion of M & M Distributing Company, Inc. for summary judgment is GRANTED as to plaintiffs' claims of breach of warranty and strict liability.

Not Reported in A.2d, 1991 WL 113427 (Del.Super.)

END OF DOCUMENT

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

## CERTIFICATE OF SERVICE

I, Robert K. Beste, Jr., Esquire, hereby certify that on this 30th day of July, 2007, a true and correct copy of the foregoing DEFENDANT, SEARS, ROEBUCK AND CO.'S REPLY TO PLAINTIFF'S MEMORANDUM OF LAW IN OPPOSITION TO SEARS' MOTION TO DISMISS OR FOR SUMMARY JUDGMENT AS TO COUNTS II AND III OF THE COMPLAINT has been filed electronically and is available for viewing and downloading from the ECF system and was served via electronic notification upon the following:

Joanne A. Shallcross, Esquire
The Law Offices of Joanne Shallcross, Inc.
702 King Street, Suite 600
Wilmington, DE  19801

Steven L. Smith, Esquire
Law Offices of Steven L. Smith, P.C.
404 Harvard Avenue
Swarthmore, PA  19081

ROBERT K. BESTE, JR.