```
           IN THE UNITED STATES DISTRICT COURT
              FOR THE DISTRICT OF DELAWARE
```

NATIONWIDE MUTUAL FIRE          :
INSURANCE CO., as subrogee of   :
ROBERT SHARKEY and              :
LYNN SHARKEY,                   :
                                :
        Plaintiff,              :    Civil Action No. 07-153 JJF
                                :
    v.                          :
                                :
SEARS, ROEBUCK AND CO.          :
                                :
        Defendant               :

**MEMORANDUM ORDER**

Pending before the Court is Defendant Sears, Roebuck and Co.'s Motion to Dismiss/ Motion for Partial Summary Judgment as to Counts II and III of Plaintiff Nationwide Mutual Fire Insurance Co.'s Complaint (D.I. 8). For the reasons discussed, the Court will grant Defendant's Motion to Dismiss as to Count II. The Court will treat Defendant's Motion to Dismiss as to Count III as a Motion for Summary Judgment and reserve judgment at this time.

I.  **BACKGROUND**

Plaintiff Nationwide Mutual Fire Insurance Co. ("Nationwide"), as subrogee of Robert and Lynn Sharkey ("the Sharkeys"), brought this products liability action against Defendant Sears, Roebuck and Co. ("Sears") on March 15, 2007. Nationwide alleges negligent design and manufacture, strict liability, breach of warranty, and negligent services repair in connection with a fire allegedly caused by a pre-owned Sears

lawnmower. (D.I. 1). Sears filed its Answer and Affirmative Defenses on July 11, 2007. (D.I. 7). Also on that date, Sears filed this Motion to Dismiss/ Motion for Partial Summary Judgment ("Motion") as to Count II, Strict Liability, and Count III, Breach of Warranty, of Nationwide's Complaint (D.I. 8).

## II. PARTIES' CONTENTIONS

By its Motion, Sears contends that the Court should dismiss Count II of Nationwide's Complaint for failure to state a claim pursuant to Rule 12(b) of the Federal Rules of Civil Procedure. Specifically, Sears contends that Count II should be dismissed because Delaware law does not recognize a cause of action for strict liability for allegedly defective goods. Sears further contends that Count III should be dismissed for failure to state a claim, or in the alternative, should be dismissed on summary judgment. Sears argues that Nationwide's breach of warranty action is barred by the four year statute of limitations set forth in Section 2-725 of Delaware's enactment of the Uniform Commercial Code.

In response, Nationwide concedes that Delaware law, if applicable, precludes the strict liability claim under Count II. However, Nationwide contends that there are insufficient facts on record to determine whether Delaware law actually applies. Additionally, Nationwide contends that Sears' Motion on Count III should be denied because there is a material factual dispute

2

about the lawnmower's original purchase date, and thus, the beginning of the statute of limitations period can not yet be determined. Nationwide contends that they are entitled to further discovery before either of these claims can be resolved.

### III. LEGAL STANDARD

#### A. Federal Rule of Civil Procedure 12(b)(6)

Pursuant to Federal Rule of Civil Procedure 12(b)(6), a party may move to dismiss a complaint for failure to state a claim upon which relief may be granted. Fed. R. Civ. P. 12(b)(6). A motion to dismiss tests the sufficiency of the complaint's allegations. Kost v. Kozakiewicz, 1 F.3d 176, 183 (3d Cir. 1993). When reviewing a motion to dismiss, the Court must accept all factual allegations in a complaint as true and view them in the light most favorable to the plaintiff. Christopher v. Harbury, 536 U.S. 403, 406 (2002). Although the complaint must contain a "short and plain statement of the claim" sufficient to give the defendant notice, the plaintiff need not provide detailed factual bases on which his claim rests. Conley v. Gibson, 355 U.S. 41, 47-48 (1957)(citing Fed. R. Civ. P. 8(a)(2)). The Court is "not required to accept legal conclusions either alleged or inferred from the pleaded facts." Kost, 1 F.3d at 183 (citing Mescall v. Burruss, 603 F.2d 1266, 1269 (7th Cir. 1979)). The movant bears the burden of demonstrating that dismissal is appropriate under Rule 12(b)(6). Young v. West

Coast Indus. Relations Ass'n, Inc., 763 F. Supp. 64, 67 (D. Del. 1991)(citing Johnsrud v. Carter, 620 F.2d 29, 33 (3d Cir. 1980)).

When a motion to dismiss filed pursuant to Rule 12(b)(6) contains and relies on matters outside the pleadings, it must be treated as one for summary judgment under Rule 56. Fed. R. Civ. P. 12(b). Moreover, all parties should be given a reasonable opportunity to present pertinent material after the motion to dismiss is converted to a motion for summary judgment. Id.

**IV. DISCUSSION**

    A. Count II: Strict Liability

After reviewing the pleadings and the parties' submissions, the Court concludes that Sears has established Count II fails to state a claim. Because the Court's jurisdiction over the instant action is based on diversity of citizenship, Delaware choice of law rules apply. Townsends of Ark., Inc. v. Millers Mut. Ins. Co., 823 F. Supp. 233, 237 (D. Del. 1993). In Delaware, courts apply the "most significant relationship" test of the Restatement (Second) of Conflicts. Corning Inc. v. SRU Biosystems, LLC, 292 F. Supp. 2d 583, 584 (D. Del. 2003)(citing Travelers Indemn. Co. v. Lake, 594 A.2d 38, 47 (Del. 1991)). Under this test, the local laws of the state which "has the most significant relationship to the occurrence and the parties" govern. Travelers, 594 A.2d at 47 (citing Restatement (Second) of Conflicts §145(1)(1971)). Factors for determining which state

has the most significant relationship include: "1)the place where the injury occurred, 2) the place where the conduct causing the injury occurred, 3) the place of incorporation and principal place of business of the parties, and 4) the place where the relationship is centered." Id.

The Court concludes that Delaware has the most significant relationship to the underlying occurrence and the parties. Nationwide's subrogors, the Sharkeys, are Delaware citizens, the alleged fire on which this lawsuit is based occurred in Delaware, and the property claimed to be damaged as a result of that fire is located in Delaware. Even if the Court were to assume, arguendo, that the lawnmower was originally purchased outside of Delaware, the Second Restatement factors still clearly weigh in favor of application of Delaware law. Accordingly, the Court concludes that Delaware has the "most significant relationship" to the parties and that Delaware law thus applies.

Because Delaware law does not recognize a claim for strict liability, the Court will dismiss Count II of Nationwide's Complaint. The Delaware Legislature and Supreme Court have both refused to impose a doctrine of strict tort liability for defective products. See Miley v. Harmony Mill Ltd. P'ship, 803 F. Supp. 965, 967-68 (D. Del. 1992)(citing Cline v. Prowler Indus. of Md., Inc., 418 A.2d 968, 980 (Del. 1980)). Accordingly, Count II will be dismissed for failure to state a

claim.

   B.  Count III: Breach of Warranty

Because Sears' Motion with respect to Count III requires consideration of matters potentially outside of the pleadings, the Court will treat it as a motion for summary judgment pursuant to Fed. R. Civ. P. 56.  In deciding motions to dismiss, "courts generally consider only the allegations contained in the complaint, exhibits attached to the complaint, and matters of public record."  Pension Benefit Guar. Corp. v. White Consol. Indus. Inc., 998 F.2d 1192, 1196 (3d Cir. 1993)(citations omitted).  However, the Court may consider an exhibit to a defendant's motion to dismiss if the plaintiff's claims are based on that document and if that document is undisputably authentic.  Id. (citations omitted).

   Sears attaches to its Motion an internal sales document (D.I. 9 at Exh. A) which purports to establish that the lawnmower at issue was purchased in 1999.  If this sales document is accepted as authentic, Nationwide's breach of warranty claim in Count III would be barred by Delaware's statute of limitations.  However, Nationwide disputes the sales document's authenticity with regards to the lawnmower purchase date.  (D.I. 10 at 1-2)(arguing "there is no proof that the lawnmower referenced in the exhibit is the lawnmower at issue", that the sales document "raises more questions than it answers," and that there is

"genuine doubt" as to the sales document's usefulness.) In light of this dispute over the authenticity of the sales document, at this junction, Sears' motion must be denied.

### ORDER

NOW THEREFORE, IT IS HEREBY ORDERED that:

1. Defendant Sears, Roebuck and Co.'s Motion to Dismiss as to Count II of Plaintiff Nationwide Mutual Fire Insurance Co.'s Complaint (D.I. 8) is **GRANTED**;

2. Defendant Sears, Roebuck and Co.'s Motion to Dismiss as to Count III of Plaintiff Nationwide Mutual Fire Insurance Co.'s Complaint (D.I. 8) shall be treated as a motion for summary judgment pursuant to Fed. R. Civ. P. 56.

3. The parties are given sixty days from the close of discovery to present all material pertinent to a Rule 56 motion.

March 5, 2008

_____
UNITED STATES DISTRICT JUDGE