**IN THE UNITED STATES DISTRICT COURT
FOR DISTRICT OF DELAWARE**

| | |
|---|---|
| Nationwide Mutual Fire Insurance Co., as subrogee of Robert and Lynn Sharkey, One Nationwide Drive Columbus, OH 43215-2220, <br><br> Plaintiff, <br><br> v. <br><br> Sears, Roebuck and Co. 3333 Beverly Road Hoffman Estates, IL 60179 <br><br> and <br><br> Husqvarna Outdoor Products Inc. 1030 Stevens Creek Road Augusta, Georgia 30907, <br><br> Defendants. | CIVIL ACTION NO. 1:07-CV-00153-JJF <br><br><br><br><br><br><br><br> JURY TRIAL DEMANDED |

**AMENDED COMPLAINT**

1.  Plaintiff, Nationwide Mutual Fire Insurance Company (hereinafter referred to as "Nationwide"), as subrogee of Robert and Lynn Sharkey, is an Ohio corporation with its principal place of business located at One Nationwide Drive, Columbus, OH 43215-2220 which at all times material hereto regularly and systematically conducted its insurance business in and about this judicial district.

    2. Upon information and belief, defendant Sears, Roebuck and Co. (hereinafter referred to as "Sears"), is an Illinois corporation with its principal place of business located at 3333 Beverly Road, Hoffman Estates, Illinois 60179, which at all times material hereto regularly and systematically conducted its business of designing, engineering, specifying, assembling, manufacturing, testing, distributing, selling, installing, servicing and repairing lawn mowers in and about this judicial district.

    3. Upon information and belief, defendant Husqvarna Outdoor Products Inc. (hereinafter referred to as "Husqvarna"), is a Delaware corporation with its principal place of business located at 1030 Stevens Creek Road, Augusta, Georgia 30907, which at all times material hereto regularly and systematically conducted its business of designing, engineering, specifying, assembling, manufacturing, testing, distributing, selling, installing, servicing and repairing lawn mowers in and about this judicial district.

    4. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §1332 based on

diversity of citizenship among the parties and the fact that the amount in controversy exceeds the sum or value of $75,000.

    5.   Venue is properly laid in this judicial district pursuant to 28 U.S.C. §1391.

    6.   At all times material hereto, defendants, and each of them, acted by and through their respective employees, agents, servants and workmen, each of whom was acting within the scope of his or her authority, subject to the control and direction, and for the benefit of his or her respective principal and employer, the defendants herein.

    7.   At all times material hereto, plaintiff's subrogors Robert and Lynn Sharkey owned the real property and improvements thereon, and the personal property therein located at 3 Jarrell Farm Drive, Newark, DE 19711 (hereinafter referred to as the "premises").

    8.   At all times material hereto, Sears and Husqvarna, and each of them, designed, specified, engineered, manufactured, assembled, inspected, tested, distributed, sold, serviced and/or repaired lawn mowers.

9. In or about 2004, the Sharkeys obtained a pre-owned lawn mower manufactured and sold by Sears and/or Husqvarna (hereinafter referred to as "the mower") and used it for its intended purpose without alteration.

10. In or about July 2006, at the Sharkeys' request, Sears sent a serviceman to the Sharkey residence to troubleshoot, diagnose and repair the mower.

11. On September 9, 2006, plaintiff's subrogors suffered destruction and damage of and to the real and personal property located at 3 Jarrell Farm Drive, Newark, DE 19711, and the loss of use thereof, as a result of a fire that was caused by a malfunction and/or failure of the mower, and by the improper servicing thereof by Sears.

12. At all times material hereto, the Sharkeys were insured by plaintiff Nationwide. After the fire, the Sharkeys made a claim under the Nationwide policy.

13. Nationwide has paid and may continue to pay sums of money to its insureds the Sharkeys for losses they sustained as a result of the aforementioned fire.

14. By virtue of Nationwide's aforesaid payments to the Sharkeys, Nationwide is subrogated to the rights of the Sharkeys pursuant to the insurance policy and the laws of the State of Delaware, and may proceed against defendants herein to pursue a recovery of its losses.

## COUNT ONE
## PLAINTIFF V. SEARS, HUSQVARNA
## <u>NEGLIGENCT DESIGN, MANUFACTURE</u>

15. Plaintiff hereby incorporates by reference each and every allegation set forth above as though fully set forth at length herein.

16. The aforesaid fire was the direct and proximate result of the negligence, carelessness and recklessness of defendants Sears and Husqvarna, and each of them, including but not limited to:

    a) designing, specifying, engineering, manufacturing, assembling, inspecting, testing, distributing, and selling the mower in such a way as to cause and/or fail to prevent the aforesaid fire;

    b) designing, specifying, engineering, manufacturing, assembling, inspecting, testing, distributing and selling the mower in such a way as to cause and/or fail to prevent the aforesaid malfunction and/or failure of the mower;

c) failing to include and/or incorporate into the mower such features or devices capable of detecting and interrupting a failure in the mower and/or preventing a failure from leading to a fire;

d) failing to ensure that the mower incorporated appropriate devices capable of preventing failures and/or malfunctions from occurring, starting or leading to fires;

e) failing properly to assemble, connect or build the mower so as to ensure proper functioning;

f) failing to ensure that the mower complied with all applicable federal, state and local codes, regulations and statutes and with the standard of care in the industry;

g) failing to warn, and/or continuing to fail to warn plaintiff's subrogors of the hazards, dangers and risks arising from use of the mower;

h) allowing the aforesaid dangerous and defective condition of the mower to continue and remain up to and including the date of the aforesaid fire;

i) failing to discover defects in the mower before placing them into the stream of commerce;

j) placing the mower into the marketplace, thereby representing that it could be used safely for the purposes for which it was intended and for which it was specifically sold;

k) placing the mower into the marketplace, when it knew or should have known that the design and/or manufacture of the mower was defective and dangerous because of the risk of fire;

l) inducing or attempting to induce reliance on the part of the public, including plaintiff's subrogors, on the safety and reliability of the mower; and

m) otherwise failing to exercise due and reasonable care under the circumstances in ways that may be disclosed during the course of discovery proceedings.

17. The aforesaid acts and omissions of Sears proximately caused and/or increased the risk of the fire that occurred on August 18, 2003, for which defendants, Sears and Husqvarna, and each of them, are liable to plaintiff, jointly and severally.

WHEREFORE, plaintiff, Nationwide Mutual Fire Insurance Company, as subrogee of Robert and Lynn Sharkey, demands judgment in its favor and against defendants, Sears and Husqvarna, and each of them, jointly and severally, in an amount in excess of $100,000.00, together with pre- and post-judgment interest, costs, attorneys' fees and such other relief as this Court may deem just and proper.

## COUNT TWO
## PLAINTIFF V. SEARS, HUSQVARNA
## <u>NEGLIGENT SERVICING, REPAIR</u>

18. Plaintiff hereby incorporates by reference each and every allegation set forth above as though fully set forth at length herein.

19. The aforesaid fire was the direct and proximate result of the negligence, carelessness and recklessness of defendant Sears, including but not limited to:

    a) troubleshooting, servicing and/or repairing the mower in such a way as to cause and/or fail to prevent the aforesaid fire;

    b) troubleshooting, servicing and/or repairing the mower in such a way as to cause and/or fail to prevent the aforesaid malfunction, failure and/or gas leak of the mower;

    c) failing to ascertain whether the mower was in good working order before leaving the premises;

    d) failing properly to test connections, so as to create and insure proper functioning and to prevent failures and/or malfunctions from developing and leading to a fire;

      e) failing to warn, and/or continuing to fail to warn plaintiff's subrogor of the hazards, dangers and risks of the mower;

      g) allowing the aforesaid dangerous and defective repair of the mower to continue and remain up to and including the date of the aforesaid fire;

      h) failing to discover defects in the mower and before re-placing it into service at the premises;

      i) failing to hire, train and supervise competent servicemen to troubleshoot and/or fix the mower;

      j) otherwise failing to exercise due and reasonable care under the circumstances in ways that may be disclosed during the course of discovery proceedings.

    20. The aforesaid acts and omissions of Sears proximately caused and/or increased the risk of the fire that occurred on September 9, 2006, for which defendant is liable to plaintiff.

    WHEREFORE, plaintiff, Nationwide Mutual Fire Insurance Company, as subrogee of Robert and Lynn Sharkey, demands judgment in its favor and against defendant Sears in an amount in excess of $100,000.00, together with pre- and post-judgment interest, costs, attorneys' fees and such other relief as this Court may deem just and proper.

**COUNT THREE**
**PLAINTIFF V. SEARS**
**BREACH OF WARRANTY**

21. Plaintiff incorporates herein by reference each and every allegation set forth above as fully as if the same were recited herein at length.

22. The mower was troubleshot, serviced and/or repaired by Sears in breach of express and implied warranties, including but not limited to the implied warranty that the aforesaid services would be performed in a good and workmanlike manner.

23. Sears's aforesaid breach of express and implied warranties, of which it was given timely notice, proximately caused plaintiff's aforesaid damages.

WHEREFORE, plaintiff, Nationwide Mutual Fire Insurance Company, as subrogee of Robert and Lynn Sharkey, demands judgment in its favor and against defendant Sears in an amount in excess of $100,000.00, together with pre- and post-judgment interest, costs, attorneys' fees and such other relief as this Court may deem just and proper.

**ABER GOLDLUST BAKER & OVER**

Dated:        BY:      /s/ Gary W. Aber
                 GARY W. ABER, ESQUIRE
                 702 King St., Suite 600
                 Wilmington, DE 19801

**LAW OFFICES OF STEVEN L. SMITH, P.C.**
STEVEN L. SMITH, ESQUIRE
404 Harvard Avenue
Swarthmore, PA   19081
(610) 543-2700

Attorneys for Plaintiff
Nationwide Mutual Fire Ins. Co.

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that the attached pleading was hand delivered to the following counsel on May 13, 2008:

Robert K. Beste, Jr., Esquire
Nemours Building, Suite 1130
1007 N. Orange Street
Wilmington, DE  19801

Frederick W. Bode, III, Esquire
Dickie, McCamey & Chilcote, P.C.
Two PPG Place, Suite 400
Pittsburgh, PA  15222

                                                   /s/ Melissa A. Chionchio
                                              Melissa A. Chionchio
                                              Secretary to Gary W. Aber, Esquire