IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| Nationwide Mutual Fire Insurance Co., as subrogee of Robert and Lynn Sharkey, One Nationwide Drive, Columbus, OH  43215-2220, | : : : : | |
| Plaintiff, | : : | |
| v. | : : | Civil Action No. 07-153 |
| Sears, Roebuck and Co. 3333 Beverly Road Hoffman Estates, IL  60179, | : : : : | JURY TRIAL DEMANDED |
| Defendant. | : | |

**ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S AMENDED COMPLAINT ON BEHALF OF DEFENDANT, SEARS, ROEBUCK AND CO.**

AND NOW COMES the Defendant Sears, Roebuck and Co. ("Sears"), by and through its undersigned counsel and answers the Amended Complaint as follows:

**ANSWER**

1. After reasonable investigation, this Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the averments of Paragraph 1 of Plaintiff's Amended Complaint and therefore the same are denied and strict proof thereof is demanded at time of trial.

2. Paragraph 2 of Plaintiff's Amended Complaint is denied as stated in that Sears is a corporation organized and existing under the laws of the State of New York with its principal place of business in Illinois and is licensed to do business in the State of Delaware and denies the remaining allegations in that paragraph.

3. The allegations contained in Paragraph 3 of Plaintiff's Amended Complaint do not pertain to this Defendant, therefore no response is necessary. To the extent that

a response is deemed to be necessary, said allegations are denied and strict proof thereof is demanded at time of trial.

4. The allegations set forth in Paragraph 4 of Plaintiff's Amended Complaint are admitted regarding jurisdiction generally and denied with respect to the balance of the allegations contained in that paragraph.

5. The allegations set forth in Paragraph 5 of Plaintiff's Amended Complaint are admitted.

6. To the extent the allegations set forth in Paragraph 6 of Plaintiff's Amended Complaint relate to this Defendant, said allegations are denied as this Defendant is without knowledge or information as to who is meant by "employees, agents, servants and workmen." Strict proof thereof is demanded at the time of trial.

7. After reasonable investigation, this Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the averments of Paragraph 7 of Plaintiff's Amended Complaint and therefore the same are denied and strict proof thereof is demanded at time of trial.

8. To the extent the allegations set forth in Paragraph 8 of Plaintiff's Amended Complaint relate to this Defendant, said allegations are admitted regarding the assembly, selling, servicing and repairing of lawn mowers; the balance of the allegations contained in Paragraph 8 are denied.

9. To the extent the allegations set forth in Paragraph 9 of Plaintiff's Amended Complaint relate to this Defendant, after reasonable investigation, this Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the

averments of Paragraph 9 of Plaintiff's Amended Complaint and therefore said averments are denied and strict proof thereof is demanded at time of trial.

10. The allegations set forth in Paragraph 10 of Plaintiff's Amended Complaint are admitted.

11-14. After reasonable investigation, this Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the averments of Paragraphs 11 through 14 of Plaintiff's Amended Complaint and therefore said averments are denied and strict proof thereof is demanded at time of trial.

## COUNT ONE
## PLAINTIFF V. SEARS
## NEGLIGENT DESIGN, MANUFACTURE

15. This Defendant incorporates by reference its answers to Paragraphs 1 through 14 of Plaintiff's Amended Complaint as though here set forth at length.

16-17. The allegations set forth in Paragraphs 16, including subparagraphs (a) through (m), and 17 of Plaintiff's Amended Complaint are denied.

WHEREFORE, Defendant, Sears, Roebuck and Co., requests that judgment be entered in its favor with all costs to be borne by Plaintiff.

## COUNT TWO
## PLAINTIFF V. SEARS, HUSQVARNA
## NEGLIGENT SERVICING, REPAIR

18. This Defendant incorporates by reference its answers to Paragraphs 1 through 16 of Plaintiff's Amended Complaint as though here set forth at length.

19-20. The allegations set forth in Paragraphs 19, including subparagraphs (a) through (j), and 20 of Plaintiff's Amended Complaint are denied.

WHEREFORE, Defendant, Sears, Roebuck and Co., requests that judgment be entered in its favor with all costs to be borne by Plaintiff.

### COUNT THREE
### PLAINTIFF V. SEARS
### BREACH OF WARANTY

21. This Defendant incorporates by reference its answers to Paragraphs 1 through 21 of Plaintiff's Amended Complaint as though here set forth at length.

22-23. The allegations set forth in Paragraphs 22 and 23 of Plaintiff's Amended Complaint are denied.

WHEREFORE, Defendant, Sears, Roebuck and Co., requests that judgment be entered in its favor with all costs to be borne by Plaintiff.

### AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE:

24. The Amended Complaint fails to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

25. Insofar as the evidence adduced through discovery or at trial reveal that Plaintiff failed to timely commence the instant action then, in that event, Defendant asserts any and all statutes of limitations as a complete or partial bar to Plaintiff's claims in the circumstances.

### THIRD AFFIRMATIVE DEFENSE

28. Plaintiff's claims are barred or reduced by the contributory negligence and/or comparative fault of Plaintiff.

### FOURTH AFFIRMATIVE DEFENSE

29. The incident and/or property damage of which Plaintiff complains was caused or contributed to by the negligent act, omission and/or other culpable conduct of a party, person and/or entity over which Defendant had no right or duty of control and cannot therefore be held liable.

### FIFTH AFFIRMATIVE DEFENSE

30. The incident and/or property damage of which Plaintiff complains was caused or contributed to by the intervening, superseding act, omission and/or other culpable conduct of a party, person and/or entity over which Defendant had no right of or duty to control and for which Defendant cannot be held liable.

### SIXTH AFFIRMATIVE DEFENSE

31. The incident and/or property damage of which Plaintiff complains was caused or contributed to by the abuse, misuse and/or improper use of the subject lawn tractor and, thus, Plaintiff's claims herein are barred or reduced by the same.

### SEVENTH AFFIRMATIVE DEFENSE

32. The incident and/or property damage of which Plaintiff complains was caused or contributed to by the alteration, modification and/or other change in the condition of the subject lawn tractor and, thus, Plaintiff's claims herein are barred or reduced by the same.

### EIGHTH AFFIRMATIVE DEFENSE

33. Plaintiff's claims may be barred, reduced and/or otherwise limited by the doctrine of spoliation.

### NINTH AFFIRMATIVE DEFENSE

34. The incident and/or property damage of which Plaintiff complains was caused or contributed to by a pre-existing condition which Defendant did not cause or contribute to and for which Defendant cannot be held liable.

### TENTH AFFIRMATIVE DEFENSE

35. To the extent justified by the facts developed in discovery or at the time of trial, raised as a complete or partial bar to any and all alleged liability is the limitation of the warranty provided with the subject lawn tractor.

### ELEVENTH AFFIRMATIVE DEFENSE

36. Recovery for the property damage of which Plaintiff complains is barred or reduced by Plaintiff's failure to mitigate the same as required by law.

### TWELFTH AFFIRMATIVE DEFENSE

37. Plaintiff's claims may be barred or otherwise limited by the doctrine of preemption.

## THIRTEENTH AFFIRMATIVE DEFENSE

38. If Plaintiff, has received, is receiving, is entitled to receive, or subsequently receives or becomes entitled to receive any recovery, compensation, or benefits from any source in connection with the property damage alleged in the Amended Complaint, the amount of damages, if any, which may be recoverable herein, should be diminished by the amount of such recovery, compensation, or benefits.

Respectfully submitted,

DICKIE, McCAMEY & CHILCOTE, P.C.

BY:＿＿/s/ William R. Adams＿＿＿＿＿
William R. Adams, Esquire
(Bar I.D. 4972)
Dickie, McCamey & Chilcote, P.C.
300 Delaware Avenue, Suite 1630
Wilmington, DE  19801-1607
Ph.  (302) 428-6133
Fax  (302) 428-1330
And
Frederick W. Bode, III, Esquire
*Admitted Pro Hac Vice* (PA 33391)
Dickie, McCamey & Chilcote, P.C.
Two PPG Place, Suite 400
Pittsburgh, PA  15222-5402
Ph.  (412) 281-7272
Fax  (412) 392-5367

Attorneys for Defendant
Sears, Roebuck and Co.

## CERTIFICATE OF SERVICE

I hereby certify on this 3rd day of June, 2008, a true and correct copy of the foregoing ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S AMENDED COMPLAINT ON BEHALF OF DEFENDANT, SEARS, ROEBUCK AND CO. has been filed electronically and is available for viewing and downloading from the ECF system and was served via electronic notification upon the following:

Gary W. Aber, Esquire
*Attorneys for Plaintiffs*

Steven L. Smith, Esquire
Law Offices of Steven L. Smith, P.C.
404 Harvard Avenue
Swarthmore, PA  19081
*Attorneys for Plaintiffs*

DICKIE, McCAMEY & CHILCOTE, P.C.


BY:  /s/ William R. Adams
William R. Adams, Esquire
(Bar I.D. 4972)
Dickie, McCamey & Chilcote, P.C.
300 Delaware Avenue, Suite 1630
Wilmington, DE  19801-1607
Ph.  (302) 428-6133
Fax  (302) 428-1330
And
Frederick W. Bode, III, Esquire
*Admitted Pro Hac Vice* (PA 33391)
Dickie, McCamey & Chilcote, P.C.
Two PPG Place, Suite 400
Pittsburgh, PA  15222-5402
Ph.  (412) 281-7272
Fax  (412) 392-5367
Attorneys for Defendant
Sears, Roebuck and Co.